[S. F. No. 3972. Department One.—November 26, 1904.]

In the Matter of the Estate of JOHN MURPHY, Deceased. ANNA J. MURPHY, Executrix, Appellant, v. MARGARET M. O'CONNOR and JOHANNA O'CONNOR, Respondents.

ESTATES OF DECEASED PERSONS — PARTIAL DISTRIBUTION — APPEAL BY EXECUTRIX—ISSUE OF LAW—SUFFICIENCY OF PETITION.—An executrix may appeal from an order for partial distribution to legatees under the will, where she presents for review an issue of law as to the sufficiency of the petition to show that there were sufficient assets to pay the legacies without loss to the creditors. In such case both the power of the executrix to comply with the order and the right to an immediate distribution are involved, and upon these questions the executrix is interested, both personally and on behalf of the creditors, and has a clear right of appeal.

ID.—SUFFICIENCY OF PETITION AS TO EXECUTRIX—DEMURRER PROPERLY OVERRULED.—Where the petition for partial distribution alleged, in the exact language of the statute, "that said estate is but little indebted, and that the shares and legacies of your petitioners may now be allowed to them without loss to the creditors of the estate of said deceased," it is sufficient as against the executrix; and her demurrer thereto, on the ground that the facts stated do not entitle the petitioner to relief, and that the petition was uncertain as to the value or nature of the estate, was properly overruled.

ID.—KNOWLEDGE OF EXECUTRIX.—The executrix, generally, must have greater knowledge of the value and character of the property, the amount of money on hand, and the amount of the indebtedness than any other person.

ID.—STATEMENT OF ULTIMATE FACTS SUFFICIENT.—A statement of the ultimate facts concerning the nature of the estate and the amount of the debts, which, according to the code, the court must find to exist before making the order for partial distribution, affords sufficient information of the grounds on which the application will be made to enable the executrix at least to make any proper opposition or defense. If it accomplishes this, it serves the purpose for which pleadings are required in such case.

ID.—CONTROVERSIES AS TO LEGACIES—EXECUTRIX NOT INTERESTED.—The executrix, as such, has no interest in any controversy which concerns only the rights of legatees as between themselves; and she cannot urge that the petitioning legatees had forfeited their rights to their legacies because of an alleged violation of the will, that if any one named therein should contest the same he or she should take nothing under it, where that question affects only the rights of residuary

devisees, and does not affect the executrix in her representative capacity.

ID.—CONCLUSIVENESS OF ORDER AS TO DEFAULTING LEGATEES AND DEVISEES.—Where none of the other legatees or devisees appeared as such at the hearing, and in no manner objected to the order for partial distribution to the petitioning legatees, and the order has become final and conclusive as to them, it is equally conclusive upon the executrix in her capacity as residuary devisee, so far as the rights of the petitioning legatees are concerned, where she only appeared and objected to their petition in her representative capacity as executrix. As devisee, she must be considered as one who has suffered default.

APPEAL from an order of the Superior Court of the City and County of San Francisco making partial distribution of the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

William E. White, and Edward C. Harrison, for Respondents.

SHAW, J.—This is an appeal by Anna J. Murphy, in her capacity as executrix of the estate of John Murphy, deceased, from an order of partial distribution directing her, as such executrix, to pay to each of the two respondents a legacy of five hundred dollars bequeathed to them, respectively, by the will of the deceased.

The respondents claim that, under the facts shown in the record, the only effect of the partial distribution is to reduce the residue of the estate to the extent of the legacies distributed; that it affects the interests of the residuary devisees only, and hence, they say, the executrix, as such, has no interest in the controversy, is not a "party aggrieved" by the order, and has no right of appeal therefrom. It may be conceded that this would be the case if the facts showed no other grounds of appeal than above stated. But the appellant presents for review an issue at law as to the sufficiency of the petition to show that there were sufficient assets to pay the legacies without loss to the creditors. In such a case both the power of the executrix to comply with the order and the right to an immediate distribution are involved, and upon these

CXLV. Cal.—30

questions the executrix is interested, both personally and on behalf of the creditors, and has a clear right to appeal. (*In re Welch*, 106 Cal. 429; *Estate of Kelley*, 63 Cal. 106; *Estate of Mitchell*, 121 Cal. 391.)

This issue is presented by demurrer to the petition for partial distribution. The grounds of the demurrer are, that the facts stated do not entitle the petitioner to the relief asked for, and that the petition is uncertain, in that it fails to state the value or nature of the estate, or whether it is money, chattels, or land, or the amount of encumbrances, if any. The only statement on the subject contained in the petition is as follows: ''That said estate is but little indebted; and that the shares and legacies of your petitioners may now be allowed to them without loss to the creditors of the estate of said deceased.'' This is in the exact language of that part of section 1661 of the Code of Civil Procedure declaring what must be made to appear at the hearing before the order can be granted. Without determining whether or not this would be a sufficient statement of facts if the objection were made by an heir, or by another legatee, we are satisfied that it is sufficient as against the executrix, who, generally, must have greater knowledge of the value and character of the property, the amount of money on hand, and the amount of the indebtedness than any other person. The code does not attempt to prescribe the form or contents of the petition. It is clear that elaborate pleadings are not required or contemplated in the proceeding, and, so far as the executrix is concerned, they are not necessary. On the subject of pleadings in probate courts generally, the author of Woerner on Administration says: ''Their procedure is generally summary, requiring no pleading in the technical sense, nor adherence to artificial rules in the statement of a cause of action or defense. An intelligible statement of an existing substantial right, which the court has jurisdiction to enforce, is a sufficient allegation of all matters necessary to sustain a judgment.'' (1 Woerner on Administration, p. *339.) The authorities on which this statement is founded are for the most part decisions of states having a less formal probate procedure than our own, and hence it is doubtful if the rule stated can be considered universally, or even generally, applicable to probate proceedings under our system.

But even if a more rigid rule is applied, as may be inferred from the provisions of section 1713 of the Code of Civil Procedure, we think a statement of the ultimate facts concerning the nature of the estate and the amount of the debts which, according to the code, the court must find to exist before making the order, will afford sufficient information of the grounds on which the application will be made to enable the executrix, at least, to make any proper opposition or defense. If it accomplishes this, it serves the purposes for which pleadings are required. The demurrer of the executrix was properly overruled.

The appellant further claims that the petitioners had forfeited their right to the legacies because of an alleged violation of a provision in the will that if any one named therein should contest the same he or she should take nothing under it. This is a question in which, as executrix, the appellant has no interest, and which she cannot have decided on this appeal. It does not affect the executrix in her representative capacity. It concerns only the rights of the residuary devisees. In such cases the executrix "cannot litigate the claims of one set of legatees against the others at the expense of the estate" (*Bates v. Ryberg,* 40 Cal. 465), nor maintain an appeal. (*Estate of Wright,* 49 Cal. 551; *Estate of Marrey,* 65 Cal. 287; *Merrifield v. Longmire,* 66 Cal. 180; *Jones v. Lamont,* 118 Cal. 503;[1] *Estate of Healy,* 137 Cal. 474; *McCabe v. Healy,* 138 Cal. 90.) The distinction is thus stated in *In re Welsh,* 106 Cal. 429: "It is a sound proposition that administrators, general or special, like receivers and other trustees or custodians of funds for designated purposes, are not ordinarily affected by orders in reference to their disposition, and, therefore, will not be heard on appeal from such orders. But this rule has its well-defined limitations. Wherever an order or decree involves a construction of the proper exercise of the duties of the officer, whenever it presents a question as to the right or power of the trustee to comply with it, wherever obedience to it might subject him to liability, the rule does not operate. Even where the order is one merely for the payment of funds, if any of these questions arise under it and personal liability may attach, the right of the officer to appeal is recognized and upheld." Moreover, a decision of the question on this appeal

[1] 62 Am. St. Rep. 251.

would be of no avail, even to the real parties interested. The legatees and devisees did not appear at the hearing, or in any manner object to the order, and as to them it has become final and conclusive so far as it allows the legacies of the petitioners. The only matter which can be the subject of further action in the court below, if the order should be reversed on this appeal, is that in which alone the executrix in her representative capacity is interested,—namely, the sufficiency of the petition in respect to its statement of the condition and value of the estate, and the amount of the debts. Although the executrix is also a residuary devisee, yet, as she neither objected or appeared as devisee, she is as fully concluded with respect to her rights as devisee as are the other devisees. Her appearance as executrix gives her no standing to claim rights which she possesses solely as devisee. As such devisee she must be considered as one who has suffered default.

No other questions are presented.

The order is affirmed.

Angellotti, J., and Van Dyke, J., concurred.

Hearing in Bank denied.