[S. F. No. 3729.   Department Two.—December 14, 1904.]

In the Matter of the Estate of JAMES NOLAN, Deceased. PATRICK NOLAN et al., Appellants, v. MARY NOLAN, Administratrix, et al., Respondents.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—FINAL ORDER— DECREE OF PARTIAL DISTRIBUTION—STATUS OF WIDOW—FINAL ACCOUNTS OF ADMINISTRATRIX.—Where a family allowance was made to one claiming to be the widow of the deceased, who was appointed administratrix of the estate, and the order became final by failure to appeal therefrom or to move to set it aside, it becomes conclusive as to her *status* as widow for all purposes connected with the order and the payment of the money thereunder, and it cannot be collaterally attacked upon the settlement of the accounts of the administratrix, notwithstanding it was determined upon a decree of partial distribution that she was not, and never had been, the widow of the deceased. In all collateral proceedings the order or decree must each stand upon its own record.

ID.—POWER OF COURT TO SUSPEND ORDER.—The probate court had no power, without motion or showing upon notice, to suspend the order for the family allowance after it had become final by the lapse of the time to appeal therefrom.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final account of an administratrix. J. V. Coffey, Judge.

The facts are stated in the opinion.

Frank J. Fallon, and Mullany, Grant & Cushing, for Appellants.

James G. Maguire, and Edgar D. Peixotto, for Respondents.

COOPER, C.—Appeal from order settling account of Mary Nolan as administratrix of the estate of James Nolan, deceased. The item of six hundred and twenty-five dollars, being the amount of family allowance for twenty-five months at twenty-five dollars per month, paid by the administratrix to herself, is the subject of contest.

Mary Nolan filed a petition in the superior court praying for letters of administration upon the estate of James Nolan, deceased, in which she alleged that she was the widow of said deceased. After notice given, an order was made appointing her administratrix of the said estate; she duly qualified, letters of administration were issued to her, and she has ever since been such administratrix.

In January, 1901, she filed her petition praying for a family allowance, in which she alleged that she was the widow of deceased, and the court afterwards, on the twenty-ninth day of January, 1901, made an order allowing her, as the widow of deceased, the sum of twenty-five dollars per month for her support and maintenance. The amount of the item in contest accrued, and was paid under this order. On petition for partial distribution of the said estate, in December, 1902, after hearing all the parties, the court found that the administratrix is not and never was the widow of deceased, but that deceased left surviving him three brothers and the children of a deceased sister as his only heirs, and the estate was ordered distributed to the said heirs.

It seems to be conceded that said decree was correct as to said partial distribution, and that the administratrix was not the widow of deceased. The question is as to the validity of the family allowance under a valid order of court. In our opinion, the court properly allowed the item. The court had the power, and it was its duty, to make an allowance to the widow of deceased, if he left a widow. (Code Civ. Proc., sec. 1466.) The court, upon the proofs before it at the time, did make such order, and found the administratrix to be the

widow. This order was appealable. (Code Civ. Proc., sec. 963, subd. 3.) It was not appealed from, and no motion made to set it aside, and hence it became final. (*In re Stevens*, 83 Cal. 326;[1] *In re Welch*, 106 Cal. 430.) Having become final, it was and is conclusive as to the *status* of the person in whose favor it was made for all purposes connected with the order and the payment of the money thereunder. The attack here is collateral, and all presumptions are in favor of the order. (*Estate of Bell*, 131 Cal. 4; *In re Welch*, 106 Cal. 430.) How can we say on this collateral attack that the order was not correct and that the administratrix is not the widow of deceased? The decree of partial distribution, if allowed to become final, is conclusive upon her that she is not the widow for the purposes of distribution. The decree making the family allowance, on the other hand, has become conclusive upon the heirs that the administratrix is the widow for all purposes connected with the family allowance. The heirs did not see fit to appeal from the decree making a family allowance; the administratrix does not appear to have appealed from the decree of partial distribution.

In all collateral proceedings the orders or decrees must each stand upon its own record. If there were a substantial conflict in the evidence in each case as to whether or not the administratrix is the widow of deceased, this court would sustain each order or decree upon appeal, if the only ground made were the insufficiency of the evidence in each case. This may appear to the layman to be without reason or justification, but it is only an illustration of the imperfection of human institutions. A man may be acquitted of assault and battery upon a criminal trial before a jury, and yet the injured party might obtain a large verdict against him before another jury in a civil action for the same assault and battery. A man might be sued for seduction and a heavy verdict obtained against him, yet his wife might sue him for divorce on the ground of adultery with the party who obtained the verdict, and the verdict or judgment in the divorce proceedings be in in his favor.

A decree of distribution to one as the only heir of deceased made in ignorance of the existence of other heirs, which was not appealed from, and became final, was held conclusive as

[1] 17 Am. St. Rep. 252.

to the heirs not mentioned in the decree. (*Lynch* v. *Rooney,* 112 Cal. 279; *Quirk* v. *Rooney,* 130 Cal. 505.)

It is claimed that three hundred dollars of the allowance accrued after the court had made an order November 29, 1901, suspending the family allowance, and that at least that amount should be charged to the administratrix. The order purporting to suspend the family allowance does not appear to have been made upon petition or notice.

We know of no law, and none has been called to our attention, which authorized the probate judge to suspend the order for family allowance which had become final. If the judge possessed such powers over orders and decrees in probate, no order would become final, and no one would know as to when rights might be lost by the suspension of the orders on which such rights rested. Suppose the order for family allowance had been affirmed here on appeal after being fully presented; could the probate judge then have set it aside or suspended it? He could have done so if appellants' contention be correct. But here, in the absence of any motion to set aside the order on the ground of fraud or mistake, under section 473 of the Code of Civil Procedure, and no action having been brought to set it aside, and no showing as to the insolvency of the estate, the probate judge made the order attempting to suspend an order that had become final. It is said in Woerner on the American Law of Administration (vol. 1, p. 193): "A court of probate which is without power to revoke or revise its own decrees and judgments cannot set aside its own allowance and decree a smaller sum unless the original judgment was reversed, or reformed on appeal, or adjudged void."

In speaking of an order for family allowance this court said (*In re Stevens,* 83 Cal. 326[1]): "The order is appealable (Code Civ. Proc., sec. 963, subd. 3), and we are of opinion it should be regarded as final. On an appeal from the order of allowance, all these facts could have been brought to the attention of the court, the ruling reviewed, and the error, if any, corrected. The time for appeal was allowed to pass, and under such circumstances the power of the court over its order is at an end. The court below cannot sit as an appellate court to review its own orders."

The subject is fully discussed in *Estate of Leonis,* 138 Cal.

[1] 17 Am. St. Rep. 252.

194, as to an order vacating a prior order of sale, in a probate proceeding, which had become final. The authorities are there collected and it is not necessary to repeat them here. It was there said: "If the court in a case like this could set aside its order there would be no end to the matter. It might continue time and time again to make orders and set them aside."

We advise that the order be affirmed.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Henshaw, J., McFarland, J., Lorigan, J.