[Civ. No. 5620.  First Appellate District, Division Two.—May 19, 1926.]

In the Matter of the Estate of ERNEST A. TYMMS, Deceased. WILLIAM CORNELIUS TYMMS et al., Appellants, v. TITLE INSURANCE & TRUST COMPANY, Executor, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—PARTIAL DISTRIBUTION—APPEAL—MOTION UNDER SECTION 473, CODE OF CIVIL PROCEDURE.—An order of partial distribution, distributing to the beneficiary named in the codicil to a will certain real and personal property, is an appealable order and becomes final and conclusive, in the absence of an appeal, after the time for an appeal therefrom has expired; and the only method for thereafter setting it aside is by motion based upon the grounds of mistake, inadvertence, surprise, or excusable neglect within the terms of section 473 of the Code of Civil Procedure.

[2] ID.—WILLS—MONEYS WITHIN STATE — EVIDENCE — FINDINGS—APPEAL.—Where a codicil to a will leaves to a designated beneficiary "all property of whatever nature belonging to the deceased, situate

---

1.  See 12 Cal. Jur. 156, 158.

in the State of California, at the time of the death" of the testator, and a petition for partial distribution alleges that certain moneys are subject to distribution to said beneficiary within the terms of said codicil, and the trial court, after hearing evidence, grants the petition, this is in effect a finding that the moneys were situated within the state at the time of the death of the testator and, therefore, subject to distribution under the codicil of the will; and where such order is valid upon its face, and the only claim is that the probate court committed error therein, and no question of mistake, inadvertence, surprise, or excusable neglect is involved, such attack should be made by an appeal from the order.

[3] ID.—LOCATION OF MONEYS AT TIME OF DEATH—EVIDENCE—FINDING. On this petition for partial distribution, upon the showing made the probate court was justified in finding that certain moneys which came into the hands of the executor, through the cashing of certain drafts which the testator had requested some time prior to his death, and which had been drawn in Sydney, Australia, a little over a month prior to his death, were situated within the state at the time of the death of the testator.

(1) 24 **C. J.**, p. 1043, n. 25 New, p. 1044, n. 33. (2) 24 **C. J.**, p. 1043, n. 25 New. (3) 23 **C. J.**, p. 1015, n. 79.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to vacate an order of partial distribution. Frank R. Willis, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. A. Massey, Meserve & Meserve and Timon E. Owens for Appellants.

Henry K. Elder and Lawrence L. Otis for Respondents.

NOURSE, J.—On November 27, 1923, the probate court entered its order of partial distribution to one Shersby, distributing to him certain real property in Los Angeles County and $8,487.82 in cash, all belonging to the estate of Ernest A. Tymms, deceased. On May 22, 1924, the father, brothers, and sisters of the deceased served and filed their motion to vacate said order of distribution. This motion was noticed for May 27, 1924, and after several continuances upon agreement of the parties was finally heard and denied by the probate court on November 25, 1924. The moving parties in

this motion, representing themselves as heirs at law of the deceased, have appealed from the order denying their motion to vacate said order of partial distribution. The appeal is presented upon the judgment-roll and a bill of exceptions.

The grounds of the motion to vacate as stated in the notice of motion are that the deceased died on March 4, 1923, leaving a last will and testament and a codicil thereto; that said will has not been admitted to probate, but that the codicil thereto was admitted and letters testamentary thereon were issued by the probate court of the county of Los Angeles; that in and by said codicil there was bequeathed to the respondent Shersby "all property of whatever nature belonging to the deceased, situate in the State of California, at the time of the death of said Ernest A. Tymms"; that at the time of said death the only property belonging to the deceased and situated in this state was certain real property in the county of Los Angeles and that no part of said sum of $8,487.82 was situated in this state at that time. Five affidavits were attached to the notice of motion, one executed by one of appellants' counsel who deposed that he had been informed by the executor of the estate that under date of January 31, 1923, the Perpetual Trustee Company of Australia sent to the deceased a draft dated at Sydney, Australia, January 21, 1923, and drawn on the First National Bank of Los Angeles by the Union Bank of Australia, and that on February 14, 1923, a similar draft, though for a smaller sum, was sent to the deceased; that from information obtained from other sources neither of said drafts was in California prior to the twelfth day of March, 1923. The information upon which the affiant relied regarding the receipt of the drafts is found in the other affidavits attached to the notice, three of which were executed by officials of certain steamship lines and gave the sailing dates of the mail-carrying steamers running between Sydney, Australia, and San Francisco or Vancouver, B. C., during the months of January, February, and March, 1923. The other affidavit was executed by James E. Power, the postmaster at San Francisco, and gave the date of departure and arrival of the mail-carrying steamers of these same steamship companies and stated that those companies were the only ones operating boats carrying mail between Sydney, Australia, and Van-

couver, B. C., and San Francisco during the period from January 23 to March 29, 1923.

At the hearing of the motion to vacate all these affidavits were offered in evidence, together with the petition for probate of codicil to will, the decree admitting said codicil to probate, letters testamentary, the first inventory of the estate filed on May 21, 1923, the second inventory filed on October 17, 1923, and the petition, notice of hearing, and order for partial distribution. No other evidence tending to prove that the money was not situated in the state of California at the death of the deceased was offered by the moving parties and no evidence was offered by the respondent. Upon this showing the motion to vacate the order of partial distribution was denied and the propriety of this action is the question which is now presented on this appeal.

[1] At the outset respondent insists that the appellants have wholly failed to bring themselves within the provisions of section 473 of the Code of Civil Procedure, in order to entitle them to the extraordinary relief which is permitted by that section. In this connection it is argued that the order for final distribution, being an appealable order, became final and conclusive in the absence of an appeal after the time for an appeal therefrom had expired and that the only method of setting it aside was by motion based upon the grounds of mistake, inadvertence, surprise, or excusable neglect within the terms of section 473 of the Code of Civil Procedure. That such is the rule there is of course no ground for argument. The section of the code expressly so provides and the language is so plain and unmistakable that no judicial interpretation is necessary. The rule has been followed on numerous occasions by the supreme court and the appellate courts and is expressly emphasized in the *Estate of Nolan,* 145 Cal. 559, 562 [79 Pac. 428], where an attempt to annul an order of family allowance to the widow was denied.

[2] Here the motion was made solely upon the ground that the personal property distributed to Shersby was not situated in the state of California at the time of the death of deceased. The petition for partial distribution alleged that this money was subject to distribution to the petitioner within the terms of the codicil of the will and the second inventory filed by the executor disclosed that the money was

then in the possession of the executor received by it on
April 13, 1923, but it did not disclose when the money had
come into the state of California. However, the probate
court did, after a hearing of evidence, grant the petition and
this was in effect a finding that the money was situated in
this state at the time of the death of the deceased and there-
fore subject to distribution under the codicil of the will.
The attack which appellants have made upon that order is
nothing more than a claim that the probate court committed
error therein. The order was valid upon its face and no
question of mistake, inadvertence, surprise, or excusable
neglect is involved. Such an attack should have been made
by an appeal from the order and this not having been
done the order became final and conclusive, subject only to
an attack upon a showing of the grounds specified in section
473 of the Code of Civil Procedure. (*Estate of Leonis,* 138
Cal. 194, 200 [71 Pac. 171].)

[3] Upon the foregoing ground alone the order appealed
from must be affirmed, but it is appropriate to say, in addi-
tion thereto, that we have carefully examined the entire
record on the merits of the motion. The moving parties
made the showing that the money had been requested by
the deceased some time prior to his death and that drafts
had been drawn on January 31, 1923, a little more than
one month prior to the death. The sailing dates of certain
mail-carrying steamers from Sydney to San Francisco and
Vancouver were also shown, but it was not shown that the
draft could not have reached California over some other line
and through some other port and there was no attempt to
show when the money was actually received by the bank
in Los Angeles which turned it over to the executor after
the decedent's death. Upon the showing which was made
we cannot say that the probate court committed error in
finding that this money was subject to distribution under the
codicil to the will.

Order appealed from affirmed.

Langdon, P. J., and Sturtevant, J., concurred.