[Civ. No. 6686. First Appellate District, Division One.—May 29, 1929.]

In the Matter of the Estate of THOMAS W. HUNTER, Deceased. A. D. DUNCAN, as Administrator, etc., Appellant, v. OAKLAND BANK (a Corporation), as Executor, etc., Respondent.

Gavin McNab, Nat Schmulowitz and A. Don Duncan for Appellant.

McKee, Tasheira & Wahrhaftig for Respondent.

KNIGHT, J.—This is an appeal by A. D. Duncan, as administrator with the will annexed of the estate of William J. Danford, deceased, from an order denying the petition of appellant's testator to set aside the decree of final distribution in the estate of Thomas W. Hunter, deceased, upon the ground that a legacy of $1500, of which appellant's testator claimed to be the assignee, had been distributed to the wrong person.

The circumstances leading up to the denial of said petition were as follows: Thomas W. Hunter provided in his will for the payment to various persons of ten cash legacies ranging in amounts from $250 to $1500, and for the distribution of the residue of his estate to a residuary legatee. One of the legatees named therein was Anna M. Hunt, and the amount of her legacy was $1500. On September 30, 1922, The Oakland Bank, a corporation, as executor of the said will, filed its final account and petitioned for final distribution of the estate, and on October 11, 1922, after due notice given and proceedings taken as provided by law, said final account was allowed and settled, and a decree of final distribution

was granted distributing the estate in accordance with the provisions of the will. Shortly afterward, in conformity with the terms of the decree, said legacies were paid to the legatees named in the will and vouchers therefor were filed in the office of the county clerk. The time for appeal from the decree of final distribution expired on December 27, 1922, and no appeal was ever taken. More than five months after the rendition and entry of the decree of final distribution, and nearly three months after the time for appeal therefrom had expired, to wit, on March 17, 1923, Danford filed a petition to have said decree vacated and set aside in so far as it directed the payment of said legacy to Anna M. Hunt, upon the ground that approximately a year and a half prior to the rendition and entry of the decree he filed in the office of the county clerk with the papers of said estate a duly acknowledged assignment to him of Anna M. Hunt's legacy. Upon the filing of said petition a citation was issued and served upon the bank directing it and Anna M. Hunt to appear and show cause on March 28, 1923, why said petition should not be granted. On the day mentioned, however, the petition was not presented to the court, nor were any proceedings whatever had at that time in the matter of said estate; and thereafter the petition was allowed to lie dormant for more than two years, at the end of which time, to wit, in May, 1925, appellant was appointed special administrator of Danford's estate (the latter having died in October, 1923), and was substituted for Danford as the petitioner herein. Thereupon an *alias* citation was issued, and in July, 1925, was served on both the bank and Anna M. Hunt. August 5, 1925, was the date fixed for the hearing of the same, but on that day the matter was continued, and thereafter was continued from time to time until April 14, 1926, on which date the petition was presented to the court for the first time and heard; and on December 2, 1926, an order was entered denying the same. At the hearing of said petition, on April 14, 1926, it was shown that said assignment, although on file with the papers of said estate, was not brought to the attention of the court at the time the petition for final distribution was heard and granted, nor was there any claim made that the court had any knowledge of its existence until long after the rendition of said decree. With respect to the question of the bank's knowl-

edge of the existence of said assignment, appellant offered in evidence at the hearing in April, 1926, an affidavit made by attorney Raine Ewell, in which it was averred that on April 12, 1921, he mailed a copy of said assignment to the bank, but in opposition to the averments of said affidavit the officials of the bank testified that no such document was ever received; and before the hearing was concluded appellant expressly disclaimed the existence of any fraud and, consequently, made no attempt to establish any such element. It was also shown that appellant had filed no request for notice of the probate proceedings, as is allowed by section 1380 of the Code of Civil Procedure.

The substance of appellant's contention is that the petition filed by Danford to vacate the decree of final distribution "may be considered either as a proceeding taken pursuant to section 473 of the Code of Civil Procedure, or as a motion to amend or vacate the judgment for entire validity or for irregularity by reason of error or mistake of fact appearing on the face of the record through inadvertence of the court or a party"; and in furtherance of his claim of right to attack said decree for irregularity he contends that the presence of the assignment among the records of the probate court prior to and at the time of the hearing of the petition for final distribution was sufficient to charge both the probate court and the executor with notice of the existence thereof; and that therefore, under section 1678 of the Code of Civil Procedure, the probate court was without jurisdiction to distribute the Hunt legacy to any person other than to Danford as such assignee; and that having distributed the same to Anna M. Hunt, the decree in that respect is void.

The law is well settled, however, that a proceeding for the distribution of an estate in probate is in the nature of a proceeding *in rem*, the *res* being the estate which is in the hands of the executor under the control of the court, and which he brings before the court for the purpose of receiving directions as to its final disposition; and that by giving the notice directed by the statute the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate. (*William Hill Co.* v. *Lawler*, 116 Cal. 359 [48 Pac. 323].) And it is also well settled that where no appeal is taken from a decree of distribu-

tion thus granted, it becomes final and conclusive and can be set aside only on motion made pursuant to section 473 of the Code of Civil Procedure and upon the grounds therein specified. (*Estate of Tymms,* 78 Cal. App. 79 [247 .Pac. 1091]; *Estate of Nolan,* 145 Cal. 559 [79 Pac. 428].) In the *Estate of Tymms, supra,* as here, distribution was made to the wrong person, and in holding that appellants therein had not the right to attack the regularity of the decree after time for appeal had expired, the court said: " . . . it is argued (by respondents) that the order for final distribution, being an appealable order, became final and conclusive in the absence of an appeal after the time for an appeal therefrom had expired and that the only method of setting it aside was by motion based upon the grounds of mistake, inadvertence, surprise, or excusable neglect within the terms of section 473 of the Code of Civil Procedure. That such is the rule there is, of course, no ground for argument. The section of the code expressly so provides, and the language is so plain and unmistakable that no judicial interpretation is neces-sary." The same rule is applied to other appealable probate decrees and orders. (*Estate of Nolan, supra; Estate of Leonis,* 138 Cal. 194 [71 Pac. 171].)

In the present case, as already shown, the prerequi-site notices of the time and place of the hearing of the petition for final distribution were given in the manner and for the period prescribed by statute, and the decree so recites. The court was therefore clothed with full and complete jurisdiction to distribute said estate, and there is nothing appearing in the decree itself to show that it is irregular or erroneous. The attack appellant makes against its validity is, in substance, the same as the one made against the decree in the *Estate of Tymms, supra.* There-fore, in conformity with the decision in that case, it must be held here that appellant's attack amounts to no more than a claim of error in the distribution of a legacy which should have been taken advantage of by an appeal from the decree; and since this was not done, the decree became final and conclusive, subject only to being set aside on the grounds specified in section 473 of the Code of Civil Procedure. (*Estate of Tymms, supra; Estate of Nolan,, supra.*)

Assuming, therefore, as appellant contends, that the peti-tion herein may be treated also as an application, made

under the authority of section 473 of the Code of Civil Procedure, to set aside the decree upon the grounds mentioned in said section, it is clear, in view of the authorities' already cited, that unless he had complied with the legal requirements of said section, and made a sufficient showing thereunder, he was not entitled to any relief as the result of the proceeding instituted by said petition.

The section mentioned provides, among other things, that the court may "relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided that application be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken." In construing the meaning of said section it has been held that the filing and service of the pleading to set aside the judgment, order, or other proceeding is not the making of the application therefor; and that where said application is filed and served, and thereafter is continued from time to time, by the consent of the parties, beyond the statutory six months' period, if during such period the party seeking the relief makes no oral request in open court to have the court grant the relief sought, the requirements of said code section are not complied with and the court has no jurisdiction after such period to hear or grant the application. (*Colthurst* v. *Harris*, 97 Cal. App. 430 [275 Pac. 868], and authorities therein cited.) In applying the foregoing rule in the case of *Jones* v. *Superior Court*, 78 Cal. App. 163 [248 Pac. 292], the court said: "To make an application is to make a motion. (Code Civ. Proc., sec. 1003.) To appear in court and announce one's readiness to make a motion is not the making of a motion any more than would be the service of notice that one will make a motion. That this latter procedure is insufficient is well established (*Herrlich* v. *McDonald*, 80 Cal. 472 [22 Pac. 299]; *Thomas* v. *Superior Court*, 6 Cal. App. 629 [92 Pac. 739]; *Wheelock* v. *Superior Court*, 67 Cal. App. 601 [227 Pac. 931]). The only provision of law under which respondent Bryant might proceed is explicit in its requirements that one who would avail himself of its aid shall not merely direct the court's attention to his presence in court in the proceeding in which he is interested, but shall move for the particular relief desired,

that is, orally request that the court take action as indicated in his notice. (*People* v. *Ah Sam,* 41 Cal. 645; *Spencer* v. *Branham,* 109 Cal. 336 [41 Pac. 1095].)''

Here the record shows without conflict that more than three years elapsed between the date of filing of the application for the relief and the date on which the appellant, in open court, orally requested that the relief be granted; and consequently, under the rule of the cases cited, the court was powerless to grant the prayer of the petition even though the evidence so warranted. In his opening brief, and in explanation of the delay above mentioned, appellant states that on March 28, 1923, the day fixed for the hearing by the original citation ''the matter did not appear on the calendar of the court''; and that thereafter and up to the time of the issuance of the *alias* citation in July, 1925, the delay was caused by Danford's illness, with which he was stricken in 1923, by a contest to his will after his death, and an appeal to the supreme court; and that from July, 1925, until the date of the oral presentation of the application in April, 1926, ''most of the continuances were on account of the fact that there was either no judge to hear the matter or the court was engaged with other matters.'' It is also asserted that at the time Danford filed said petition and for a considerable period thereafter he was acting as his own attorney. However, it is apparent that the cause of the three years' delay, whatever it may have been, could not operate to suspend the six months' limitation fixed by the statute; and therefore, the matters urged by appellant in explanation of such delay become immaterial.

The case of *In re Yoder,* 199 Cal. 699 [251 Pac. 205], upon which appellant relies, is not in point for the reason that the record there did not indicate that the petition was not brought to the attention of the trial court prior to the expiration of the six months' limitation; and it was therefore presumed on appeal that the application was seasonably made. And in the other case emphasized by appellant, *Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91], the facts show and the court on appeal held that the application was presented within the six months' period.

Aside from the two grounds above discussed, upon which we believe the order appealed from must be affirmed, we have examined the evidence set forth in the record relating

to the merits of the application, and it may be stated that we find nothing therein which would justify the conclusion that in denying said application the trial court abused its discretion. The other points urged by appellant are either incidental to those already mentioned or do not possess sufficient force to call for discussion.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1929.

All the Justices present concurred.