[L. A. No. 15865.   In Bank.—September 15, 1936.]

J. D. D. GLADDING, as Executor, etc., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Clarke & Bowker, James C. Hollingsworth and Dixie Dunnigan for Petitioners.

Robert Kingsley and Russell D. Garner for Respondents.

THE COURT.—Proceeding in *certiorari* wherein petitioners, the widow of Morris L. McCray, deceased, and the executors of his will ask this court to review, vacate and annul a minute order of the probate court dated March 27, 1936, and formal order thereafter entered on April 13, 1936, entitled "Order vacating and setting aside orders approving first account current and decrees of distribution and sustaining exceptions and objections to second account current."

Morris L. McCray died testate in Los Angeles County on May 18, 1927. His will appointed B. A. McBurney and J. D. D. Gladding as executors of his estate and disposed

thereof as follows: First, to his widow Emma Jane McCray (now Emma Jane McBurney), in lieu of what she might acquire as survivor of the community, one-half of the estate, including community and separate property; second, to the children of his daughter and son (eight grandchildren) $10,000 each; third to said daughter and son, the residue in equal shares. The will was duly admitted to probate, executors appointed, notice to creditors given, order made for payment to the widow of family allowance, and the son and daughter conveyed to her all of their interest, including the remainder interest, thus entitling her to receive the entire estate except for said legacies of $10,000 each payable to the eight grandchildren. The inventory and report of inheritance tax appraiser showed assets of the estate valued at $306,594.24.

On August 28, 1928, the executors, as petitioners, filed the first of the petitions which led to a decree of partial distribution which the order here under review purports to vacate. Said petition recited that part of the assets of the $306,594.24 estate consisted of 708.3632 shares of capital stock of the El Segundo Land and Improvement Co., valued at $99,440, and a beneficial interest of the deceased in a trust, the corpus of which consisted of real property at El Segundo valued at $42,124.75, and that the estate was not in a condition to be finally closed, because such closing would require a sale of said El Segundo assets, believed to be rapidly increasing in value, in order to discharge the legacies due the grandchildren. The petition then listed all other real and personal property in the hands of the executors and recited that no injury would result to the estate by causing it to be distributed to the widow. The prayer of the petition asked for a full discharge of the executors upon delivery of the property in accordance with the order of the court.

Following the hearing of this petition, on September 26, 1928, the court entered a decree of partial distribution, distributing to the widow as part of her share of the estate, all said property, except the El Segundo assets, in the hands of the executors. Thereafter the executors filed their account current and report reflecting said distribution and on December 20, 1928, the court made an order approving and settling it, which order is also purportedly set aside by the order here under review.

On March 21, 1930, the executors filed a second petition, seeking partial distribution to the widow and grandchildren of additional assets brought to hand, i. e., a parcel of real property and $15,767.78 in cash. Upon hearing of this petition, the court on April 21, 1930, entered a second decree of partial distribution, likewise purportedly set aside by the order here under review, distributing to the widow, as part of her share of the estate, the parcel of real property and $7,767.78 cash, and distributing to the eight grandchildren the sum of $1,000 each.

On January 15, 1935, there having been no further payment on the legacies meanwhile, two minor grandchildren filed their petition for an order vacating and setting aside the above-mentioned decrees of distribution and account current of the executors. At the hearing of the petition on the merits, charges of fraud were abandoned and the minors placed sole reliance upon the legal issues raised by their pleading. The petition was granted and on April 13, 1936, the court entered the vacating order here under review. In so far as said vacating order purported to set aside the decrees of distribution and first account, it was not an appealable order (11A Cal. Jur., sec. 141, pp. 217, 218; sec. 1240, Probate Code), and petitioners pursued the proper remedy in seeking writ of review. (*Security-First National Bank* v. *Superior Court,* 1 Cal. (2d) 749 [37 Pac. (2d) 69].)

We shall first discuss the validity of the vacating order in so far as it purports to set aside the decrees of partial distribution. This presents two questions: (1) Did the petitions of the executors, upon which the decrees of partial distribution were predicated, sufficiently satisfy statutory jurisdictional requirements to confer upon the probate court jurisdiction to hear and determine the proceedings and grant the partial distribution? (2) If the answer to question one is in the affirmative, then did not the decrees, in the absence of appeal therefrom or due motion for relief under section 473 of the Code of Civil Procedure, become final, binding, conclusive and immune from attack in the proceedings to vacate initiated five and seven years after entry thereof?

Preliminarily it may be stated that at the times here involved there were two sections of the Code of Civil Procedure, section 1658 and section 1663, which authorized a partial distribution. These sections in part provided:

Section 1658: "At any time after the lapse of four months from the issuing of letters testamentary or of administration, *any* heir, devisee, *legatee* . . . may present his petition to the court for the legacy or share of the estate to which he is entitled, or any portion thereof. . . . "

Section 1663; "Where the time for filing or presenting claims has expired, and all claims that have been allowed have been paid . . . and the estate is not in a condition to be finally closed and distributed, the *executor* or administrator . . . may present his petition to the court for a *ratable payment* of the legacies, or *ratable distribution* of the estate to *all* the heirs, legatees, devisees . . . or payment or distribution of *any specific bequest of a superior class*, without a *pro rata* distribution or payment among all legatees of all classes. . . . If, at the hearing it appears that the allegations of the petition of said executor . . . are true, and the court is satisfied that no injury can result to the estate by granting the petition, the court must make an order directing the executor . . . to deliver to the heirs, legatees, devisees . . . the whole portion of the estate to which they may be entitled or only a part thereof, designating it. The delivery, *in accordance with the order of the court*, is a full discharge of the executor . . . in relation to all property embraced in such order, which, unless reversed on appeal, binds and concludes all parties in interest."

Section 1658, it will be noted, contemplated the distribution, in whole or in part, of a legacy or share of the estate upon petition of the heir, devisee or legatee entitled thereto, whereas section 1663 contemplated a partial or ratable distribution to all heirs, legatees and devisees, or discharge of a specific bequest of a superior class, and this upon petition of the executor or administrator. But the latter section did not contemplate a preference such as was here made of one legatee—the widow, over the other legatees —the grandchildren. However, in this case the petitions for partial distribution were filed by the executors and therefore it may be conceded that if authority existed for the decrees of the court, it existed by virtue of section 1663, not section 1658. True, the widow could have petitioned under section 1658 for distribution in whole or in part of her share of the estate and the court would have acquired jurisdiction to determine the proceeding, but this she did not do. The

executors alone filed the requests for partial distribution and hence it is to section 1663 that we must turn to test the jurisdiction of the court to hear and grant or deny their petitions.

These observations bring us to the first of the questions above stated: (1) Did the petitions upon which the decrees were predicated sufficiently satisfy the jurisdictional requirements of section 1663 and clothe the probate court with jurisdiction to hear and determine the proceedings thereunder?

The second petition for partial distribution filed by the executors unquestionably constituted a sufficient compliance with the jurisdictional requirements of section 1663. The prayer of the executors therein was "that notice of this petition be given in the manner and form required by law, and that the distribution of the real and personal property hereinabove described be made to . . . (naming all those taking under the will, i. e., the widow and grandchildren) in such portion and in such manner as the court may direct, and for such other and further relief as the court may decree proper".

The first petition was more indefinite in form but it too was an evident attempt of the executors to request a partial distribution by virtue of section 1663. The title and requisite preliminary allegations conformed to that section. That is, the petition alleged that notice to creditors had been published, claims and taxes paid, and that the estate was not in a condition to be closed. It listed all heirs and legatees and showed in what proportion they were to receive under the will. It listed all property of the estate in the hands of the executors. It recited that no injury would come to the estate by reason of partial distribution to the widow and closed with a prayer general in form, to wit: " . . . that notice of this petition be given in the manner and form required by law, and that the same be heard and granted and that upon the delivery of the property *in accordance with order of the Court,* a full discharge of your petitioners in relation to the property hereinabove described be made, and for such other and further relief as to the court may seem proper." The uncertain feature of the petition is the recital in the body thereof that no injury could result to the estate by reason

of distribution of certain property to the widow. This recital might imply that the executors had confused the requirements for distribution to an "heir, devisee or legatee" (sec. 1658) with the requirements for a partial or ratable distribution to all heirs, legatees, or devisees (sec. 1663), or that they thought the widow was entitled to her share of the estate as distribution of a "specific bequest of a superior class" (sec. 1663). But be this as it may, the fact is that the petition actually contained no express request for distribution to the widow, nor was it limited by a prayer for an improper decree. Under the general form of the prayer, asking for distribution "in accordance with order of the court", the court was clothed with full jurisdiction to make any proper distribution as authorized by section 1663. It is, therefore, our conclusion that the first petition of the executors, as well as their second petition, was sufficient in form to satisfy the jurisdictional requirements of section 1663, and that it conferred upon the court jurisdiction to hear and determine the proceeding thereunder.

We now approach the second question, which is to be discussed from the premise of our holding that the petitions of the executors clothed the court with jurisdiction under section 1663 to hear and determine the proceedings for partial distribution. Said question is: Did not the decrees of partial distribution, in the absence of appeal therefrom or due motion for relief under section 473 of the Code of Civil Procedure, become final, binding, conclusive, and immune from attack in proceedings to vacate initiated five and seven years after entry thereof? Here, also, the answer must be in the affirmative. The petitions vested the court with jurisdiction to act, and to order a proper distribution under the statute (sec. 1663). They brought the estate in the hands of the executors before the court for the purpose of receiving directions as to its disposition. The court acquired jurisdiction over the *res,* the estate, and over all persons to determine their rights to any portion thereof. It had the parties and the subject-matter before it and had authority to pronounce judgment, and that judgment, however erroneous, became, in the absence of appeal or motion for relief under section 473, *supra,* a valid, binding and conclusive judgment.

"The law is well settled . . . that a proceeding for the distribution of an estate in probate is in the nature of a proceeding *in rem,* the *res* being the estate which is in the hands of the executor under the control of the court, and which he brings before the court for the purpose of receiving directions as to its final disposition; and that by giving the notice directed by the statute the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate. (*William Hill Co.* v. *Lawler,* 116 Cal. 359 [48 Pac. 323].) And it is also well settled that where no appeal is taken from a decree of distribution thus granted, it becomes final and conclusive and can be set aside only on motion made pursuant to section 473 of the Code of Civil Procedure and upon the grounds therein specified. (*Estate of Tymms,* 78 Cal. App. 79 [247 Pac. 1091]; *Estate of Nolan,* 145 Cal. 559 [79 Pac. 428].)" (*Estate of Hunter,* 99 Cal. App. 191, 194, 195 [278 Pac. 485].)

██ We do not hold that the distribution ordered by the court was a proper distribution. Indeed, for present purposes, it may be conceded that the first decree at least, which did not make a distribution authorized by section 1663, i. e., a ratable distribution to all legatees or discharge of a specific bequest of a superior class, but which preferred one legatee, the widow, was an erroneous decree. But although it may have been an erroneous decree, we cannot say that it was a void decree, entered in excess of the jurisdiction and authority conferred upon the court by section 1663. Said section authorized the discharge of a specific bequest of a superior class and the court may have believed, erroneously it is true, that in ordering the partial distribution to the widow it was discharging such a bequest. There is nothing in the record before us, containing only the various sets of pleadings, to indicate otherwise. There is no showing that the court acted in excess of its powers under the statute. ██ In other words, the extent to which the decree may have ordered an erroneous distribution does not here concern us, so long as it was not an act in excess of the jurisdiction of the court. This *certiorari* proceeding tests only the question of jurisdiction. It may not be extended to correct a claim of error in the decree which was remediable by

appeal, etc. The record on this proceeding shows no defect of jurisdiction as to anything that was done and beyond this power of jurisdiction we may not look.

"A judgment of a court having jurisdiction of both the subject-matter and the parties, however erroneous it may be, is a valid, binding, and conclusive judgment as to the matter in controversy upon the parties thereto and to those claiming under them, and cannot be attacked or impeached in a collateral proceeding. . . . To decide wrong, where authority exists to pronounce judgment, is error, which can only be corrected by appeal, etc. To decide wrong, where no jurisdiction exists to pronounce judgment of the character involved, renders the adjudication void, and it can be attacked anywhere and collaterally. In the present case, we are of opinion it was, under the law, the duty of the court, to adjudicate the question of the validity of the . . . trust, and that having done so and adjudged it to be valid, while its conclusion was erroneous and the judgment open to reversal on appeal, yet as no appeal was taken therefrom and as the time therefor has long since expired, it is not now open to collateral attack." (*Crew* v. *Pratt,* 119 Cal. 139, 150, 152 [51 Pac. 38, 43].)

In the case of *Estate of Hunter, supra,* in discussing the effect of a distribution made to the wrong person, the court said: "In the present case, as already shown, the prerequisite notices of the time and place of the hearing of the petition for final distribution were given in the manner and for the period prescribed by statute, and the decree so recites. The court was therefore clothed with full and complete jurisdiction to distribute said estate, and there is nothing appearing in the decree itself to show that it is irregular or erroneous. The attack appellant makes against its validity is, in substance, the same as the one made against the decree in the *Estate of Tymms, supra.* Therefore, in conformity with the decision in that case, it must be held here that appellant's attack amounts to no more than a claim of error in the distribution of a legacy which should have been taken advantage of by an appeal from the decree; and since this was not done, the decree became final and conclusive, subject only to being set aside on the grounds specified in section 473 of the Code of Civil Procedure. (*Estate of Tymms, supra; Estate of Nolan,*

418

*supra.*)" (99 Cal. App., at p. 195.) See, also, *Security-First Nat. Bank* v. *Superior Court, supra.*

From the above it follows that in so far as the order here under review purports to vacate the decrees of partial distribution, it must be set aside.

■ Our next consideration is the validity of the vacating order in so far as it purports to reopen the first account current and report of the executors. The minor grandchildren asserted the right to reopen by virtue of section 1637 of the Code of Civil Procedure and section 931 of the Probate Code, which latter section reads: "The order settling and allowing the account, when it becomes final, is conclusive against all persons interested in the estate, *saving,* however, *to persons under legal disability,* the right to move *for cause* to reopen and examine the account, or to proceed by action against the executor . . . at any time before final distribution; and in any such action such order is *prima facie* evidence of the correctness of the account."

The only objection to the account was that it reflected the distribution made to the widow under the first decree of partial distribution. As said decree was valid, binding and conclusive, and we have so determined, the minors are bound thereby and can show no sufficient "cause" for reopening the account; hence in so far as the vacating order purports to set aside said first account current, it must be annulled.

It appears that subsequent to initiation by the minors of the proceeding to vacate, and on April 3, 1935, the executors filed a second account current and report, which recited the distribution of the estate theretofore made; that there had been no sale of the El Segundo assets for the reason that the executors had been advised that the property should be held because of its potential value for oil production and because of its low sale value for industrial sites or homes under existing economic conditions; further that a large part of the real property held in trust had been leased for oil drilling, etc., and the executors were requesting its reappraisement; and that they were offering for sale the interest of the estate in the beneficial trust and stock for the purpose of paying the balance due on the legacies, and closing the estate. The minors filed exceptions to this second account current and the court, by paragraph IV of the vacating order, sustained said exceptions and objec-

tions. Petitioners do not here seek a review of that portion of the order (par. IV) as it was within the jurisdiction of the court under code sections providing for the filing of and hearing on such accounts and review by appeal of orders dealing therewith. (Prob. Code, secs. 920–932; 1240.)

The minute order of March 27, 1936, is hereby annulled, except for that portion thereof which reads as follows: ''Exceptions and objections to Second Account Current; Sustained.'' The formal order of April 13, 1936, vacating the order approving the first account current and vacating the decrees of distribution is also hereby annulled, except for paragraph IV thereof sustaining exceptions and objections to second account current.