[Civ. No. 787. Second Appellate District.—January 4, 1911.]

## GEORGE C. MARTIN, Respondent, v. DANIEL STONE, Appellant.

SALE OF JOINT OPTION ON LAND TO BROKERS—PROFITS ON RESALE—MISTAKE IN ASSIGNMENT—ORAL AGREEMENT—ACTION TO RECOVER EXCESS.—Where plaintiff and defendant, as joint owners of an option on land, desired a sale, and plaintiff negotiated a sale to brokers, the immediate profits on which were divided, but plaintiff negotiated a further one-eighth interest in the profits on resale, and by mistake assigned half of one-sixth interest therein to defendant, with an oral agreement that if it should be one-eighth, the profits should be adjusted on that basis, and the defendant collected the one-eighth interest in such profits, and retained one-sixth share, under the assignment, the plaintiff is entitled to recover the excess, and to prove the oral agreement in the action to recover the same.

ID.—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—Where the court found all of the allegations of the plaintiff's complaint to be true, though there was conflicting evidence as to many of the matters in issue, but there was sufficient evidence to support the findings, the determination of the trial court as to the facts must be treated as conclusive upon appeal.

ID.—ORAL EVIDENCE NOT VARYING TERMS OF ASSIGNMENT—AGENCY—TRUST.—The plaintiff being an agent of defendant in negotiating the profits on resale, and the defendant being the agent of the plaintiff in collecting such profits, it was competent for the plaintiff to show the conversations between them to explain the intent and understanding of the parties. Even if the assignment had purported to transfer all of the moneys to be received from the brokers by plaintiff, plaintiff would not be estopped under appropriate pleadings from showing that one-half of the money collected under the assignment was held by the assignee as trustee of the assignor, and that the assignee was an agent of the assignor for collection of his share.

Id.—ORAL EVIDENCE OF RELATION OF PRINCIPAL AND AGENT—APPARENT TITLE.—It is always permitted to be shown that the relation of principal and agent exists between two persons, notwithstanding the fact that the agent may hold the apparent legal title of the property of his principal.

Id.—REFORMATION OF ASSIGNMENT UNNECESSARY, BUT NOT PREJUDICIAL. It was not necessary for the court to reform the assignment to express half of one-eighth interest instead of half of one-sixth interest in the profits of the land on resale, in order to a recovery of the excess collected by the defendant, which it was agreed should be returned to plaintiff.

Id.—CAUSE OF ACTION NOT BARRED.—It is held that the plea of the statute of limitations is not sustained, the action having been commenced within less than two years from the receipt of the money by the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Frank James, for Appellant.

W. A. Strong, for Respondent.

JAMES, J.—Appeal by defendant from a judgment entered against him in favor of plaintiff in the sum of $1,904.46; also an appeal from an order denying defendant's motion for a new trial.

In March, 1903, an option was obtained in the name of defendant from Elizabeth Hollenbeck, whereby the right to purchase one hundred and forty-five acres of land in Los Angeles county was given by the said Elizabeth Hollenbeck. Plaintiff and defendant each owned a one-half interest in this option. They each endeavored to negotiate a sale of the option, and the efforts of plaintiff in that direction were successful. The option was sold to Strong and Dickinson, real estate brokers. Plaintiff and defendant shared equally in the profits of the sale, which amounted to $75 on each acre of land covered by the option. At the time plaintiff negotiated the sale of the option, he also obtained an agreement from Strong and Dickinson, which recited that, in consideration of the opportunity to purchase the option being

presented to the real estate brokers, they would pay to plaintiff one-eighth of the net profits to be obtained on the sale of the property. Defendant was not informed of the fact that plaintiff had secured this contract in his own favor until some time after the option had been sold. When he did learn of it, he demanded that he be given an assignment of one-half of the amount of plaintiff's interest so reserved to him by the contract mentioned. The written agreement referred to, made by Strong and Dickinson in favor of plaintiff, was not at hand at the time the demand was made upon plaintiff by defendant, and plaintiff did not then remember whether the agreement gave him a one-sixth interest or a one-eighth interest in the net profits. Defendant insisted that the interest so secured was a one-sixth, and thereupon plaintiff executed an assignment in favor of defendant in the following form:

"Los Angeles, Cal., June 22d, 1905.

"For value received I hereby sell, transfer and convey to Daniel Stone all my right, title and interest in and to one-half of my one-sixth interest in and to the Wellington Heights Tract.

"(Signed) GEO. C. MARTIN."

At the time this assignment was executed, it was orally agreed between plaintiff and defendant that in the event it was found that the interest of Martin was for one-eighth instead of one-sixth of the profits, the difference between one-half of a one-sixth interest and one-half of a one-eighth interest should be returned to plaintiff by defendant whenever a final settlement was had with Strong and Dickinson. In September, 1906, defendant made a final settlement with Strong and Dickinson, and collected on the assignment given him by plaintiff one-twelfth of the profits derived from the sale of the land. It was then found that plaintiff's interest was a one-eighth interest, instead of a one-sixth, in such profits, and, therefore, the amount collected by defendant was $1,589.52 in excess of one-half of the amount due plaintiff under his contract with Strong and Dickinson. Defendant never accounted to plaintiff for this amount and this suit was brought to recover it.

Plaintiff in his complaint alleged the facts briefly set out above in a first count, and then added a second count in the

form of a cause of action for money had and received for his (plaintiff's) use and benefit. The trial court found all of the facts as they are here stated to be true. There was conflicting evidence as to many of the matters in issue. Under the familiar rule that the findings of the trial court will not be disturbed when made upon substantial evidence, even though there may be positive testimony in conflict therewith, the determination of the trial court as to the facts must be treated as conclusive.

It was competent for plaintiff to show the conversations had with defendant to explain the intent and understanding of the parties with respect to their contract. So far as the terms of the assignment are to be considered, they were not varied by the oral testimony at all. Had the assignment purported to transfer all of the moneys to be received from Strong and Dickinson by plaintiff, plaintiff would not have been estopped from showing, under appropriate pleadings, that the money collected under such an assignment was to be held by the assignee as a trustee for the assignor. Here the defendant became plaintiff's agent in the collection of the money in so far as it exceeded in amount that which it was agreed should be paid to him. As between plaintiff and Strong and Dickinson, the assignment carried with it title to the money in favor of defendant; as between plaintiff and defendant, plaintiff was entitled to show the existing relation and the whole transaction, in order to establish the fact that defendant acted as his agent in the collection of a portion of the money. It is always permitted to be shown that the relation of principal and agent exists between two persons, notwithstanding the fact that the agent may hold the apparent legal title to the property of his principal. The court here found that it was understood between plaintiff and defendant that more money might be received on the assignment than it was agreed should become the property of defendant, and that defendant agreed that if such excess was collected, it should be returned to plaintiff. The findings are in direct response to the issues made by the pleadings and support the judgment.

Before the conclusion of the trial plaintiff, by an amendment to his complaint, asked for, and by the judgment was awarded, a reformation of the assignment to make it express

15 Cal. App.—12

a transfer of one-half of a one-eighth interest, instead of one-half of a one-sixth interest, in the profits to be derived from the sale of the land. It was not essential to a recovery by plaintiff on the causes of action alleged by him that the assignment should be reformed. The instrument of assignment had been presented to Strong and Dickinson by defendant and honored by them, and defendant had received more money thereon than he was entitled to hold. Under his agreement he was answerable to plaintiff for the excess so received over what it was agreed should be retained by him. A reformation of the instrument, which had through the act of defendant been made to serve its purpose fully, could not in any way work prejudice to the latter.

The plea of the statute of limitations was not sustained by the evidence. The money was collected by defendant on the assignment on August 20, 1906; this action was commenced within two years thereafter, to wit, on June 17, 1908.

The judgment and order are affirmed.

Shaw, J., and Allen, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 3, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 23, 1911.