[Sac. No. 2184. In Bank.—November 27, 1914.]

In the Matter of the Estate of ANDREW CAROTHERS, Deceased. W. B. WALDRON et al., Appellants, v. JOHN E. WITHERSPOON, as Administrator With the Will Annexed of the Estate of Andrew Carothers, Deceased, et al., Respondents.

ESTATE OF DECEDENT—INTERPRETATION OF WILL ON PARTIAL DISTRIBUTION—LAW OF CASE.—On this appeal from a decree of final distribution the interpretation of the will of the deceased on the appeal from the decree of partial distribution, involving the same contentions as those made on this appeal, is the law of the case, although facts and circumstances surrounding the execution of the will were developed in the hearing of the contest on final distribution which were different from those adduced at the hearing on the petition for partial distribution.

ID.—INTERPRETATION OF WILL ON APPEAL—DECISION OF LAW.—The interpretation of the will on the appeal from the decree of partial distribution was a determination of a question of law. All such interpretations must be decisions of the law, whether the court construes the will with or without resort to extrinsic facts.

ID.—DECREE ON PARTIAL DISTRIBUTION—CONCLUSIVENESS.—The decision on appeal from the decree of partial distribution was binding upon all of the parties in the matter of the construction to be given to the will.

ID.—CONSTRUCTION OF WILL BY APPELLATE COURT—EFFECT ON TRIAL COURT.—The court of last resort having spoken in the matter of the interpretation of the will, the decree which the lower court was bound to enter under that construction must control rather than the language of the will.

APPEAL from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Snook & Church, and Wm. M. Sims, for Appellants.

White & Miller, and Devlin & Devlin, for Respondents.

MELVIN, J.—This is an appeal from a judgment and decree of final distribution in the estate of Andrew Carothers, deceased.

There has been an appeal in this estate which involved the validity of a decree of partial distribution. (*Estate of Carothers*, 161 Cal. 590, [119 Pac. 926].) The said decree sought to distribute to Earl D. White a half interest in a small part of the realty of the Carothers' estate, claimed by him under a deed to his predecessor from the widow of John Thomas Carothers. This court reversed the order and decree from which the appeal was taken and in its opinion interpreted the will of Andrew Carothers. It was held that a life estate in the realty was given to Eleanor Carothers and William P. Carothers, the wife and eldest son of decedent. The will contained the following words referring to the death of Mrs. Eleanor Carothers: "At her death said land with all the improvements and proceeds thereof vests absolutely in and is the property of said William P. Carothers, that in case said William P. Carothers dies without issue his property herein specified becomes the property of John Thomas Carothers, and at his death goes to Elizabeth Witherspoon." It was held that these words created a defeasible fee in William P. Carothers, and that upon his death without issue, after the death of his stepmother (his brother John Thomas Carothers and his sister Elizabeth Witherspoon also having died), the heirs of Elizabeth Witherspoon were entitled to the real property. The question involved in that appeal was this: Did William P. Carothers take a fee simple absolute and indefeasible under the will of his father? This question was answered in the negative.

The petition for final distribution of the entire real property of the estate to the heirs of Elizabeth Witherspoon was duly filed and those who appear as appellants here presented their answer to said petition, in which they asserted that Kate A. Carothers, widow of John Thomas Carothers, entitled to have distributed to her a half interest in the said land, had given her deed of trust to W. B. Waldron, trustee, as security for

the payment of a promissory note executed by said Kate A. Carothers to Charles E. Snook, and Wm. M. Sims. The answer contained averments that Andrew Carothers had intended by his will to devise his real property to Eleanor Carothers, his wife, and William P. Carothers, his son, to be held by them during the lifetime of Eleanor, and that at her death the title should vest absolutely in William P. Carothers; that if William should die without issue during the lifetime of Eleanor, then the property, after Eleanor's death, should go to John Thomas Carothers for his life, and at his death to Elizabeth Witherspoon or her heirs; and that in the event of William outliving Eleanor, all of the real property should become his absolutely. There were also allegations in the answer that William outlived Eleanor and took the fee to the realty charged only with a lien to pay certain specific legacies. It will thus be seen that the contentions made by appellants on this appeal are exactly the same as those of the respondent which were rejected by this court in the appeal from the decree of partial distribution.

Appellants insist (1) that the former decision is not the "law of the case"; (2) that all the evidence offered by them at the hearing of the contest was proper, and (3) that under the offered evidence and the true rules of construing wills the court should have interpreted the will of Andrew Carothers according to the contentions set forth in the answer. Upon the question of the "law of the case" appellants say that the rule should not apply to this appeal because here the same parties are not concerned as those interested in the appeal from the decree of partial distribution, and because in the hearing of the contest of the proposed final distribution facts and circumstances surrounding the execution of the will were developed which were different from those adduced at the hearing on the petition for partial distribution. Respondents make answer to this point that in both distributions the title of the unsuccessful claimants depended upon the alleged interest of Kate A. Carothers, widow of John Thomas Carothers, and that a binding and final interpretation of the will having been made on the former appeal, new facts developed at the hearing of the petition for final distribution could in no manner avail to change that interpretation. We think this position is correct. The interpretation of the will on the appeal from the decree of partial distribution was a determina-

tion of a question of law. All such interpretations must be decisions of the law whether the court construes the will with or without resort to extrinsic facts. (*Estate of Donnellan,* 164 Cal. 19, [127 Pac. 166].) The construction of the will made by this court on the other appeal was rendered on an appeal in a proceeding *in rem.* (*William Hill Co.* v. *Lawler,* 116 Cal. 362, [48 Pac. 323].) Kate A. Carothers was interested as a party because she claimed an interest in the estate. The construction of the will made at that time was binding not only upon her grantee and his successor, but upon Kate A. Carothers herself. The appellants now before the court are also her grantees or successors to her supposed interest who took subsequent to the decision in the appeal from the decree of partial distribution. They had not only the constructive notice of that decision which all the world possessed, but two of them (who are the real parties in interest as creditors of Kate A. Carothers) had actual notice of all of the circumstances of the former appeal because they were attorneys therein for Earl D. White. They occupy therefore no better position than that of Mrs. Carothers. She was bound by the former decision as "the law of the case." The decision on appeal from the decree of partial distribution is binding upon all of the parties in the matter of the construction to be given to the will. (*Hardy* v. *Mayhew,* 158 Cal. 99, [139 Am. St. Rep. 73, 110 Pac. 113].) The court of last resort having spoken in the matter of the interpretation of the will, the decree which the lower court was bound to enter under that construction must control rather than the language of the will. (*Estate of Horman,* 167 Cal. 475, [140 Pac. 11].) Any other conclusion might lead to unjust results. Each appeal was made for the purpose of getting a ruling of this court upon the *status* of Mrs. Kate A. Carothers, under the will of her father-in-law, Andrew Carothers. In the former appeal, which was taken after a hearing at which, having notice, she was entitled to be heard, and at which the successor to a portion of the interest claimed by her actually did appear, it was declared by a majority of the court that the widow of John Thomas Carothers had no interest whatever in any of the realty of which Andrew Carothers died possessed. That was the necessary conclusion from the view taken by the majority of the justices regarding the proper interpretation of the will. It is and

ought to be final upon the one vital question involved in both appeals.

The judgment and decree are affirmed.

Shaw, J., Angellotti, J., Lorigan, J., Sloss, J., and Henshaw, J., concurred.