[Civ. No. 9197. First Appellate District, Division One.—November 28, 1934.]

JACK GOSS, a Minor, etc., Appellant, v. SECURITY IN-SURANCE COMPANY OF CALIFORNIA (a Corporation), Respondent.

Colding, Hale, Crawford & Myers for Appellant.

Cooley, Crowley & Supple for Respondent.

JOHNSTON, J., *pro tem.*—This is an appeal by plaintiff from an adverse judgment in an action against respondent insurance carrier on a policy of automobile liability insurance. Respondent had issued its policy to Pacific Motor Company, indemnifying it against damages inflicted by it by reason of the operation of motor vehicles. Appellant brought suit and recovered judgment against Pacific Motor Company, for damages for personal injuries, and this judgment was later affirmed (*Goss* v. *Pacific Motor Co.*, 85 Cal. App. 455 [259 Pac. 455]). Execution was issued and returned unsatisfied except as to a small part of the judgment and appellant brought action against the respondent under the provisions of the act relating to actions against insurance carriers when the insured is bankrupt or insolvent (Stats. 1919, chap. 367).

On February 14, 1928, the present action was instituted. Judgment went for respondent but was reversed (*Goss* v. *Security Ins. Co.*, 113 Cal. App. 577 [298 Pac. 860]). And the instant appeal is from the judgment on the second trial.

The facts surrounding the issuance of the policy are as follows: On December 22, 1922, K. Nakabayashi, an insurance broker, part owner of and doing business as E. T. Arima Company, called on Swett & Crawford, insurance underwriters, for information regarding a policy of liability insurance for three Japanese operating a garage as Pacific Motor Company. The policy was not the ordinary policy, since it would insure any automobile operated by the insured and the exact amount of premium could be determined only after an audit held at the expiration of a year. On December 23, 1922, Nakabayashi wrote to Swett & Crawford asking for the issuance of the policy to be dated from December 23, 1922, but this letter was not received until December 27th, at which time the underwriters phoned the broker asking him if any accident had occurred between the 23d and 27th. Upon receiving a negative answer,

the application was approved on the 27th and the respondent's policy issued and dated on the 28th, covering, however, the period from December 23, 1922, to December 23, 1923.

In the meantime and on December 26th, the accident occurred out of which appellant recovered his judgment for personal injuries. One of the insured, Fujii, learned of the accident on the 26th. On the 30th notice of the accident was communicated to the respondent and on January 22, 1923, the appellant instituted action against Pacific Motor Company, and subsequently recovered judgment. Execution issued in the action of appellant against Pacific Motor Company and was returned partially satisfied. It then appeared that Pacific Motor Company had no additional assets and under the provisions of the act of 1919, heretofore mentioned, the present action was instituted against the defendant Security Insurance Company. A trial was had and judgment was given in favor of the said Security Insurance Company. An appeal was taken by plaintiff Goss and this court reversed the judgment of the trial court.

In reversing the judgment the appellate court held that the policy was in effect from December 23, 1922, and hence covered the accident, and also held against respondent on all other points raised. The decision became the law of the case, and is conclusive that the policy went into effect on December 23, 1922, and covered the accident, unless the change in the pleadings and issues hereinafter referred to, takes this case out of the general rule.

On February 18, 1932, after this case was set for the second trial, respondent filed an amendment to its answer setting up the defense of fraud or concealment in obtaining the policy. This defense was based on the fact that insured did not notify respondent of the happening of the accident to plaintiff on December 26, 1922.

This issue was new, was not passed upon at the first trial, and is not foreclosed by the reversal of the former judgment in this case.

The testimony is uncontradicted that one of the insured, Fujii, knew of the accident on the 26th and it thereupon became his duty to notify defendant, even in the absence of inquiry. (*General Acc. etc. Corp.* v. *Industrial Acc. Com.*, 196 Cal. 179 [237 Pac. 33].)

■ The fact that the inquiry was made of Nakabayashi and not of Fujii would make no difference, since under the circumstances of the instant case Nakabayashi was the agent of the insured. (*Solomon* v. *Federal Ins. Co.*, 176 Cal. 133 [167 Pac. 859], and case cited.)

■ The above, however, does not dispose of the case. Appellant claims that respondent is estopped to set up the defense of fraud because of certain acts, and that further the defense is barred both by laches and the statute of limitations.

Respondent claims and the trial court found (finding No. 10) that it did not discover the facts constituting the fraud until December, 1931. This finding is based on testimony that the copy of the daily report covering the policy was misfiled by respondent and was lost until December, 1931, when the witness Bern accidentally discovered it in another file belonging to the respondent.

This finding is unsupported by the evidence. The policy was issued on December 28, 1922, and the daily report was made at that time. On December 30, 1922, two days later, the respondent received a report of the accident which occurred on the 26th. It had all the information relative to the issuance of the policy before it at that time, and knew, or what is equivalent, in the exercise of ordinary diligence, should have known all the facts on which it now bases its defense. (*Pellon* v. *Connecticut Gen. Life Ins. Co.*, 105 Vt. 508 [168 Atl. 701].)

■ Furthermore, on December 28, 1923, a year later, an audit was made by respondent of the payroll of insured under the terms of the policy to determine the amount of premium due, and this audit covered the period from December 23, 1922, to December 23, 1923, and respondent charged for and collected the premium for that period, thus recognizing that the policy was in force at the time of the accident.

■ Respondent knew for more than five years before this present action was filed, and for more than nine years before it set up the defense of fraud, all the facts constituting its defense. It tried the case once without raising the issue of fraud, obtained judgment, had it reversed and it was not until the second trial was ready to proceed that it raised the question of fraud. By its audit conducted a

year after the accident, it recognized that the policy was in force from December 23, 1922. Under such circumstances it would seem that it is now estopped to urge that defense.

The judgment is reversed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 28, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 25, 1935.

Shenk, J., voted for a hearing.