20 Cal.2d 124 (1942)
Estate of KATIE RICHARDS WEAR, Deceased. THEODORE J. MILLER et al., Respondents,
v.
EDWARD ROLKIN, as Executor, etc., Proponent; ARLINE M. ROLKIN, as Executrix, etc., et al. (Substituted Proponents), Appellants.
S. F. No. 16301. 
Supreme Court of California. In Bank. 
Apr. 2, 1942.
 Frank J. Mahoney for Appellants.
 James M. Hanley and Herbert Chamberlin for Respondents.
 TRAYNOR, J.
 Mrs. Katie Richards Wear owned certain real property in Sonoma County encumbered by deeds of trust securing promissory notes for $27,800 and by a mortgage securing a note for $3,525. In 1920 she entered into a written contract with Edward Rolkin providing that he would advance the money to purchase these notes and the instruments securing them; that she would sell her property in Sonoma County and apply the money received from the sales in payment of the notes to him; that upon payment of the notes he would receive 25% of all additional proceeds from the sale of the lands, and that she would convey a one-fourth undivided interest to him in any lands that might remain unsold after six years. Pursuant to the agreement, Rolkin purchased the notes and the instruments securing them. In 1922, Mrs. Wear sold certain property in Sonoma County to Thomas H. Corcoran and his wife for $49,000. The purchasers paid $9,000 down and gave a note of $40,000 for the balance, secured by a mortgage and deed of trust. The note, mortgage, and deed *126 of trust were made out and delivered to Rolkin. He in turn executed and delivered to Mrs. Wear a declaration of trust, subsequently recorded, that he held them only as security for the money owed to him by Mrs. Wear. In 1927, according to Rolkin, he entered into an oral agreement with Mrs. Wear whereby she assigned to him a portion of the balance due on the Corcoran note in payment of her indebtedness, and from that time, with her consent, he gave her credit for only her portion of the payments on the note.
 Mrs. Wear died in 1930. Her will named Rolkin as executor, and pending a contest of the will, he was appointed special administrator. When the will was admitted to probate in 1932 he was appointed executor. In his final account as special administrator he reported receipts of $5,212.78, disbursements of $2,768.35, and cash on hand of $2,829.43. He also reported that the estate had an interest in the promissory note of Thomas Henry Corcoran and Emily C. Corcoran payable to Edward Rolkin for $40,000; that at the time of decedent's death this note had been reduced by payments on the principal to $26,000, of which $11,954.39 represented decedent's share; and that $3,220 belonging to the estate had been collected since her death. Only the estate's proportionate share of the payments on the note was reported under the purported oral agreement of 1927. All payments from other sources were reported in full. Following a hearing at which respondents Theodore Miller and Harry Miller were represented by one of the attorneys now appearing for them, the probate court found the account to be a full and correct accounting of all money received by Rolkin as special administrator, and of all property of the estate that had come into his possession. It entered a decree approving and settling the account as rendered and ordered that the residue of the estate, remaining in the hands of the special administrator after the payment of fees amounting to $1,300, be distributed to Edward Rolkin, executor. No appeal was taken from the decree.
 In 1934 Rolkin filed his first account as executor. He reported the cash on hand belonging to the estate as $1,677.32 and the interest of the estate in the Corcoran note as $8,740. Respondents, legatees under the will, objected to this account contending that the entire balance of the Corcoran note and all payments received thereon belonged to the estate, that Rolkin had previously been paid in full for his indebtedness by Mrs. Wear and therefore had no further interest in the note, and that his failure to file a claim against the estate *127 precluded him from asserting any other indebtedness. Rolkin denied having received any payment for the indebtedness other than Mrs. Wear's oral assignment to him of a portion of the Corcoran note, and contended that under this assignment his share of the payments and unpaid balance did not belong to the estate. An order sustaining the objections to this account was reversed on appeal. (Estate of Wear, 17 Cal.App.2d 703 [62 P.2d 779].)
 At the second trial Rolkin contended for the first time that the question of the estate's interest in the Corcoran note and payments thereon was res judicata by virtue of the order settling his final account as special administrator, and objected to the introduction of evidence on the matter on this ground. This objection was overruled. It was then stipulated that the case should be submitted upon the evidence contained in the record on appeal from the order that was reversed, together with the referee's reports made at the first hearing; that the executor had testified that his account was correct; that no claim against the estate had been filed by appellant; and that the plea of res judicata was not prejudiced by the foregoing stipulations.
 The lower court decided that the executor's account was incorrect and that an additional $5,773.34 received by him as payment on the Corcoran note and the entire unpaid balance of the note were assets of the estate. It then issued an order settling the account on this basis. The executor appeals from this order on the ground that the court erroneously rejected the plea of res judicata. Because of his death pending the appeal his executor and executrix have been substituted as appellants in his place.
 [1] The final settlement of an account is conclusive as to all matters necessarily involved therein against all persons interested in the estate, except those under a legal disability. (Prob. Code, sec. 931; Code Civ. Proc., sec. 1911; Estate of Rider, 199 Cal. 742 [251 P. 805]; Estate of Grant, 131 Cal. 426 [63 P. 731].) The respondents contend, however, that the settlement of Rolkin's account as special administrator did not involve a consideration of the rights of the parties under the agreement of January 31, 1920, or of the accounts of Rolkin as trustee, and that these matters were therefore not concluded by the first settlement. They were necessarily decided, however, by the settlement of the earlier account. In that account Rolkin stated that he was the payee *128 of the Corcoran note and indicated that both he and the estate had an interest therein. He set out that at the time of Mrs. Wear's death, only $11,954.39 of the $26,000 balance unpaid on the Corcoran note belonged to her. In the hearing on that account the court had to determine the amount received by Rolkin in payment on the Corcoran note, the amount of these payments to be credited to the estate under his agreement with Mrs. Wear, and the interest of the estate in the unpaid balance of the note. The decree settling the account fixed the interest of the estate in the note, and adjudged the credits given the estate for payments made on this note before the filing of the administrator's account to be correct. The decree therefore involved a determination, binding upon all persons concerned in the estate, of the respective interests of appellant and the estate in the note. (Estate of Hall, 154 Cal. 527, 533 [98 P. 269]; Estate of Simonton, 183 Cal. 53, 56 [190 P. 442]; Security First Nat. Bank v. Superior Court, 1 Cal.2d 749, 755 [37 P.2d 69]; Estate of Grant, supra, at 429.) It necessarily determined that Rolkin had a right to a portion of the payments and unpaid balance separate from the interest of the estate. Since this determination is conclusive, respondents cannot now dispute Rolkin's right to withhold his share of the payments as they are received.
 [2, 3] Since reversal by the District Court of Appeal of the first order settling the executor's account contained no instructions to the trial court, the case was returned to that court for a new trial on any and all issues that might be raised, just as if it had never been tried before. (Estate of Pusey, 177 Cal. 367, 370 [170 P. 846]; Glassell v. Hansen, 149 Cal. 511, 514 [87 P. 200]; Goss v. Security Insurance Co., 2 Cal.App.2d 459, 462 [38 P.2d 188].) The appellant was therefore free to raise the issue of res judicata for the first time at the second trial (Ibid.), and was not estopped from asserting the plea by acquiescing in the appointment of a referee in the first trial. Respondents do not claim to have suffered any disadvantage on the retrial by reason of the referee's appointment at the first trial, and the parties stipulated in the second trial that the evidence before the court would not prejudice appellant's plea of res judicata. Since appellants' plea of res judicata is valid, it is unnecessary to consider respondents' contention that appellant could not assert any right to the principal and interest of the Corcoran note *129 without filing a claim against the estate under section 703 of the Probate Code.
 The order and decree appealed from are reversed.
 Gibson, C.J., Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.