[Civ. No. 3513. Fourth Dist. Feb. 10, 1947.]

J. BURRIS MITCHEL et al., Appellants, v. ARTHUR POLK BROWN et al., Respondents.

Siemon, Maas & Siemon, Alfred Siemon, Walter L. Maas, Jr., and Bennett Siemon for Appellants.

Borton, Petrini, Conron & Borton for Respondents.

BARNARD, P. J.—In 1936, the defendants Brown executed and delivered to the predecessor of the plaintiffs a mineral deed conveying to them 2½ per cent of all oil and minerals underlying, or that might be produced from, described parcels of land in a certain section in Kern County. The only one of these parcels which is involved here was described in the typewritten deed as follows: "Parcel No. 5: the NW ¼ of said section 21." At the time the Browns executed this deed the words "an undivided ½ of" were inserted in ink before the word "Parcel."

The plaintiffs brought this action contending that they were entitled to 2½ per cent of the oil and minerals underlying this entire quarter section and not merely that percentage of the oil and minerals underlying an undivided half of this land. The first count of the complaint sought to quiet their title to 2½ per cent of the oil etc., in the entire quarter section. The second cause of action alleged, among other things, that at the time the deed was executed it was the intention of all parties thereto that 2½ per cent of all oil etc., in the entire quarter section be conveyed; that in making this deed the grantors so described their title to the property as to limit the interest conveyed to 1¼ per cent of the oil and minerals within the property; that the grantee accepted the deed under the mistaken belief that it conveyed, in accordance with the original intention of the parties, 2½ per cent of the oil and minerals underlying the entire property; that this mistake of the grantee was known to, or suspected by, the grantors at the time the deed was made; and that, after demand made, the grantors had refused to correct the mistake. There was a third cause of action for declaratory relief.

The answer admitted that the plaintiffs were entitled to 2½ per cent of the oil and minerals underlying an undivided one-half interest in this land, or an undivided 1¼ per cent of such substances contained within the quarter section, but denied the other allegations referred to, and alleged that the

intention of the parties at all times was that 2½ per cent of the oil and minerals underlying an undivided one-half of the property was being conveyed.

At the first trial it was stipulated that the Browns owned only an undivided one-half interest in this quarter section, and the second cause of action was abandoned by the plaintiffs. No evidence was received other than the deed itself and the court construed the deed as conveying to the plaintiffs 2½ per cent of the oil and minerals underlying the entire quarter section. On appeal (*Mitchel* v. *Brown,* 43 Cal.App.2d 217 [110 P.2d 456]), this court reversed the judgment that followed on the ground that, in the absence of other evidence, the only reasonable construction of the deed itself is that it conveyed a 2½ per cent interest in the oil and minerals underlying an undivided one-half interest in the quarter section, and not covering the entire 160 acres.

On a retrial of the action the plaintiffs attempted to introduce evidence as to the real intention of the parties and, in support of the allegations of their complaint, they made an offer of proof including a number of letters and written instruments, as well as oral testimony. Among other things, they offered to prove that in 1934 the Browns had given them a similar deed, which described Parcel No. 5 as "the NW ¼ of said section 21" and which was recorded; that this deed did not contain the words "an undivided ½ of"; that it was later discovered that the permission of the Commissioner of Corporations would have to be secured; that in order to clear the record for this purpose the Browns wrote to the plaintiffs requesting a reconveyance of the property and promised to make a new deed identical in form with the old one; that the property was reconveyed and the new deed, the one here in question, was sent to the appellants with the words "an undivided ½ of" inserted before the words "Parcel No. 5"; that the plaintiffs were advised by counsel that the interlineation was intended to mean that the Browns owned only an undivided one-half interest in the property but did not mean that they were only conveying 1¼ per cent of the oil; that the plaintiffs accepted the deed relying on former documents, correspondence and conversations; that the Browns later made a lease of this property in which a 2½ per cent interest, as claimed by the plaintiffs, was recognized; that the Browns executed deeds to two other parties conveying interest in this land, in which the 2½ per cent interest as contended

for by these plaintiffs were recognized; and that in carrying out the provision of the deed in question which required these plaintiffs to pay their proportion of any tax which might be assessed upon the oil and minerals within this land the Browns, some months after the deed was given, demanded from the plaintiffs as their share of such taxes levied an amount which represents $2\frac{1}{2}$ per cent of the oil and minerals in the entire quarter section. They also offered to produce oral testimony of conversations and negotiations had for the purpose of showing the original intention of the parties.

Upon objection of the defendants all testimony of this nature was excluded. Although no such evidence was received, the court found that all allegations of the complaint with respect to the intention of the parties and the matter of a mistake were untrue, that all allegations of the answer with respect to the intention of the parties were true, and that the purpose and intention of the parties as stated and understood by them at the time was to transfer an undivided $1\frac{1}{4}$ per cent of the oil and minerals contained within this quarter section. It was further found that at the beginning of the retrial of this action the plaintiffs had again abandoned any claim for the reformation of this deed. Judgment was entered accordingly, quieting title in the plaintiffs to an undivided $1\frac{1}{4}$ per cent of all oil etc., underlying this quarter section and no more. From this judgment the plaintiffs have appealed.

The appeal is based on the contention that the evidence offered was admissible for the purpose of establishing the real intention of the parties to this deed. The respondents contend that this evidence was properly excluded under the parol evidence rule; because the construction placed on the deed by this court on the prior appeal had become the law of the case; and because the appellants were estopped, by the position they took at the prior trial and upon the former appeal, from relying on extrinsic evidence as an aid to the construction of the deed. It is further argued that on the retrial the appellants again abandoned their claim for reformation, and that the court so found.

The construction placed on the deed by this court on the former appeal was based on the fact that the second count of the complaint had been abandoned, that no evidence had been received other than the deed, and that the construction of the deed itself was, under the circumstances, a matter of

law. The judgment was reversed generally and the effect was to remand the case for a retrial on all issues, as though it had never been tried at all. (*Estate of Wear,* 20 Cal.2d 124 [124 P.2d 12].) The effect of that decision was to leave the case open for retrial on all of the issues raised by the pleadings, with any amendment that might be made.

There is no evidence in the record to support the court's finding with respect to the issues in the pleadings, on which the case went to a retrial, relating to the matters of a mistake and the intention of the parties to this deed. The only evidence in the record sustaining the finding that the claim for a reformation was abandoned appears where the court was passing upon an objection to an amendment to the complaint. The court stated that he understood this amendment was offered not for the purpose of trying to obtain a reformation of the instrument but for the purpose of showing the meaning of the deed. Counsel for the appellants replied that this was correct. The court then stated that the motion to amend would be granted "for that purpose." While there may have been an abandonment of the claim for reformation in itself, nothing appears to support the contention that there was an abandonment of the allegations of intention and mistake contained in the second cause of action. The proposed amendment would have changed a few words in that cause of action but would not have destroyed its entire effect. Permission to amend for this purpose was granted but it does not appear that such an amendment was served or filed, and no amendment appears in the record. According to the record before us the case was tried on the issues raised by the allegations of the three causes of action in the complaint and the answer filed. The evidence offered was clearly material to those issues.

Whether or not the appellants abandoned their prayer for the reformation of this deed they were entitled, under the pleadings, to have the issues determined as to the actual intention of the parties and as to whether the language inserted into the deed was placed there as a result of a mutual mistake, and to have the deed enforced in accordance with the actual intent. (*California Packing Corp.* v. *Larsen,* 187 Cal. 610 [203 P. 102]; *Martin* v. *Stone,* 15 Cal.App. 174 [113 P. 706]; *Bridges* v. *Price,* 95 Cal.App. 394 [273 P. 72].) Because of technical objections raised, first by one party and then by the other, this action has not yet been tried or decided on the

issues raised by the pleadings. The evidence offered by the appellants is pertinent to the issues and seems substantial. Not only was this evidence erroneously rejected but findings to the contrary were made which are entirely without support in the evidence.

The judgment is reversed.

Marks, J., and Griffin, J., concurred.