[Civ. No. 16738. Second Dist., Div. Two. Feb. 9, 1949.]

Estate of MARGARET ANN COBERLY, Deceased. GABRIELLE VOLKER BALDWIN, as Executrix, etc., et al., Appellants, v. LAWRENCE E. TEMPLETON et al., Respondents.

Robert E. Austin, John N. Helmick, in pro. per., and H. M. Lineman for Appellants.

Daniel W. Gage for Respondents.

WILSON, J.—Gabrielle Volker Baldwin, to whom decedent bequeathed a life estate in certain real property, has appealed from the judgment which denies to her the rentals derived from the property. The attorneys for the executrix of decedent's will have appealed from the judgment denying extraordinary attorneys' fees.

The portion of the will necessary to a determination of the Baldwin appeal reads as follows:

"(b) To my daughter GABRIELLE VOLKER BALDWIN, a life estate in the real and personal property (describing it) with remainder over to LAWRENCE E. TEMPLETON and HAZEL HERDER, also known as HAZEL HERDTER, or to the survivor of them. If my daughter GABRIELLE should predecease me, then this property shall go to my children, LAWRENCE and HAZEL, or to the survivor of them.

"(c) To my children, GABRIELLE VOLKER BALDWIN, LAWRENCE E. TEMPLETON, and HAZEL HERDER, also known as HAZEL HERDTER, share and share alike, all of the rest, residue and remainder of my estate of every kind or nature, and wheresoever situate, including any property over which I may have any power of appointment."

Mrs. Baldwin was appointed executrix of the will. On May 20, 1946, she filed her first and final account and petition for distribution and for allowance of attorneys' fees, in which she listed the rental collected from the real property in which she had been bequeathed a life estate and the expenses incurred with reference to the property, and requested the balance to be distributed as a part of the residue and remainder of the estate. Mr. Templeton and Mrs. Herder, son and daughter of decedent and remaindermen under the will, filed objections to the account, which are not material on this appeal. On November 18, 1946, appellant petitioned for a partial distribution of the estate. After a hearing on the final account and the objections thereto the court rendered judgment on December 10, 1946, approving and settling the account subject to certain corrections and additions, not involved in the appeal, and allowed extraordinary attorneys' fees in the sum of $150 instead of the sum of $500 requested in the final account.

On April 16, 1947, appellant filed another "final account" covering the period subsequent to the date of the previous account and a petition for distribution. On the same date the attorneys for the executrix filed a petition for an allowance of $500 as fees for extraordinary services. On May 16, 1947,

appellant filed an amended petition for distribution wherein she alleged that the distribution of the estate as previously prayed for "is not in accordance with the rights of the parties in that your petitioner is thereby deprived of a large amount of money, the income from the property specifically bequeathed to her by the will of decedent." Respondents Templeton and Herder filed objections (1) to the petition for extraordinary attorney fees, (2) to the final account, and (3) to the amended petition for distribution. The petition, the amended petition and the objections were heard on March 25, 1948, after which the court filed a written memorandum order sustaining the objection to the extraordinary fees and the objection to the distribution of rents collected prior to the previous distribution.

Mrs. Baldwin has appealed from that portion of the judgment by which the rest, residue and remainder of the estate is distributed to Baldwin, Templeton and Herder, share and share alike, and the attorneys have appealed "from said judgment, and the whole thereof, because of its failure to award to them $500.00 as payment for extraordinary fees rendered by them to said estate."

▉ Appellant, as life tenant, although lawfully entitled to the rents received from the property, listed the same in her account filed May 20, 1946, as a part of the residue to be distributed share and share alike to the three legatees, of whom she was one. By so doing she waived her right to the same and having made no application for relief, on the ground of mistake, inadvertence or excusable neglect, from the judgment approving and settling the account and ordering partial distribution, she is estopped from asserting title to such funds.

▉ In appellant's account filed on April 16, 1947, she included as a part of the residue the rents collected after the filing of the first account. However, prior to the hearing of the account, she realized her error and filed an amended account on May 16, 1947, in which she asserted her right to the rents. In the memorandum order filed by the court on March 25, 1948, the objection to the distribution to appellant of the rents collected prior to the previous order of distribution was sustained, impliedly holding that she was entitled to the rents collected after the first order of distribution.

Appellant's waiver of her right to receive the rents collected prior to May 20, 1946, the date of filing her first account, cannot be construed as a waiver of her right to the amounts collected thereafter.

The findings do not segregate the amount collected and the expenses incurred in connection with the property during the first period from the rents and expenses during the second period. In the second "final account" appellant lists the rents collected after the date of the first account to and including the date of the second account as $2,035.34 and the disbursements for maintaining the property during that period as $368. She is therefore entitled to the difference, amounting to $1,667.34.

Respondents maintain that the first decree of distribution is conclusive as determining the meaning and effect of the will, citing *Estate of Scrimger*, 188 Cal. 158 [206 P. 65], and that the court, by distributing the rentals as a part of the residue of the estate in its first order, construed the will to mean that the rentals should be divided share and share alike among the three legatees. This contention cannot be sustained. The meaning and effect of the will has not been questioned or presented to the court for determination and the court has not made any order purporting to construe the will. Respondents, in their objections to the account, contested several of the items therein but raised no issue as to the meaning of the will or as to the persons to whom distribution should be made. The order approving the first account and ordering partial distribution was in accordance with the petition therefor to which no objection was made and it cannot be construed as a declaration that appellant was not entitled to the rentals. Although by including the rentals in her first account she waived her right thereto for the period prior to the date of the first account she did not surrender her right to any amount accruing thereafter.

Appellants Austin and Helmick, attorneys for the executrix, filed a petition for extraordinary fees in the sum of $500 upon the hearing of the first account and the court allowed $150. That order is final and the amount allowed covers all compensation for attorneys' services rendered prior to December 10, 1946, the date of the judgment approving the first account.

In their last petition for fees they included a statement of services rendered in the matter of hearing the first account and the objections thereto, their preparation for trial, their appearances in court upon the hearing of the objections, and the preparation of the judgment. The order made in December, 1946, allowing $150 determined without reservation the amount of fees to be allowed to the date of that order. This

precludes any further allowance for services rendered prior to that date. One item claimed is for services rendered in negotiating a sale of a promissory note which was a part of the assets of the estate. It appears from the last account filed that the note was sold to Ray O. Teeter and Robert E. Austin, trustees. Since Mr. Austin is one of the attorneys who are seeking additional fees, the court did not abuse its discretion in refusing extraordinary fees for selling the note to him even though he took title as trustee. Another item set up in the petition for fees is the preparation of a supplementary inventory made necessary by the sustaining of objections to the first account filed by the executrix and the preparation of a second final account. Apparently the trial court concluded that such services were the result of errors made by the executrix in her first account and did not deem that the services of her attorneys should be paid for out of the assets of the estate. Since the allowance or disallowance of extraordinary attorneys' fees is largely within the discretion of the court an order with reference thereto will not be disturbed on appeal unless there has been an abuse of discretion (*Estate of Adams*, 131 Cal. 415, 418 [63 P. 838]) and none appears in the record.

Paragraph III of the judgment dated and filed April 26, 1948, is modified by adding after the words "distributed as follows:" the words and figures "To Gabrielle Volker Baldwin the sum of $1,667.34" and as so modified the judgment is affirmed. The order denying extraordinary attorneys' fees is affirmed.

Moore, P. J., and McComb, J., concurred.