[Civ. No. 16088. First Dist., Div. Two. Dec. 29, 1954.]

Estate of GEORGE A. KEARNS, Deceased. MARJORIE MALLARINO et al., Appellants, v. EMMA TRAUNG HAMMERSMITH, Individually and as Executrix, etc., Respondent.

Delany, Fishgold, Freitas & Rowe, Matthew M. Fishgold and Richard O. Graw for Appellants.

Philip S. Ehrlich and Irving Rovens for Respondent.

KAUFMAN, J.—This is an appeal from an order denying petition of appellants for decree determining interest in estate.

Petitioners and appellants herein, Marjorie Mallarino and Lois Graham, are nieces of decedent, George A. Kearns. Respondent, Emma Traung Hammersmith, the fiancée of decedent, was by the will bequeathed all of testator's real and personal property and was also named executrix of his estate. Clause 1 of the will read as follows: "I hereby bequeath to my beloved and devoted fiancee, Emma Traung Hammersmith of the City and County of San Francisco, California, all of my real and personal property and belongings that I possess or are due me of whatsoever nature." Clause 2 named respondent as executrix. Clause 3 bequeathed $1.00 each to testator's brother William L. Kearns, since deceased, and to Mrs. Marjorie Mallarino and Mrs. Lois Graham, and declared that if any of them contest the will "it shall avail them nothing."

Clause 5, the source of all the controversy herein, states as follows:

"I hereby direct my Executor Emma Traung Hammersmith to provide for my nieces Mrs. Marjorie Mallorino and Mrs. Lois Graham as her judgment, kindness and honesty sees fit to do, and likewise to provide for any other kin or close friend which in her judgment warrants same."

On October 11, 1946, respondent filed a petition for partial distribution of estate in which she alleged that she was "the sole heir, devisee and legatee" under the will. The petition named all known heirs of decedent and asked that certain real property described therein be distributed to her. The order for partial distribution of estate was filed on October 28, 1946, in which it was found that notice of the hearing had been regularly given "for the period and in the manner required by Section 1200 of the Probate Code," and that "no person had appeared to contest the same." The court

found that all the allegations of the petition were true, and ordered that the executrix deliver to Emma Traung Hammersmith, individually, the real property describing the same, to which "she is justly entitled, to wit: all right, title and interest of every kind and nature."

On November 26, 1947, respondent in her capacity as executrix, filed a petition for instructions to determine her duties under the will, alleging that petitioner could not properly administer the estate without an interpretation of paragraph 5 of the will, but contending that the words therein were precatory. The superior court held the provision of clause 5 to be precatory and on appeal this court held that said provision created a valid and enforceable trust. However, the Supreme Court in *Estate of Kearns,* 36 Cal.2d 531 [225 P.2d 218], held that these provisions were ambiguous and that extrinsic evidence should be admitted to determine the matter.

The matter was returned to the superior court, and appellants herein made a motion to have the matter tried by a jury which motion was denied. They then filed a petition under Probate Code, section 1080, to determine their interest in the estate and moved for a jury trial and also to consolidate this with the prior matter for trial, which motions were denied, and the petition for instructions set for hearing without notice to appellants. In a prohibition proceeding brought in this court (*Mallarino* v. *Superior Court,* 115 Cal.App.2d 781 [252 P.2d 993]) it was held that petitioners had the right to a jury trial on their petition, and the trial on the executrix' petitions for instructions was prohibited, the court declaring that "when a party is given the statutory right to a trial by jury on an issue of fact determining his right to participate in the estate, that right should not be defeated by a predatory proceeding before the court sitting without a jury designed solely to prejudge the very issue of fact which the jury must thereafter determine."

Respondent in her individual capacity then filed under section 1080 of the Probate Code a statement of claim of interest in estate in which she alleged that the rights of persons claiming an interest in the estate had been determined by the order for partial distribution made on October 28, 1946. On motion of respondent the court ordered that the separate defense set forth in respondent's statement of claim of interest in estate—namely, that the matter had already been determined by the order for partial distribution—be tried and determined by the court separately from a determination of the other issues involved in the proceeding by the jury.

Respondents on the trial of the separate defense introduced in evidence the will, the petition of the executrix for partial distribution of the estate, an affidavit of service by mail on appellants' notice of hearing of petition for partial distribution and the order for partial distribution. Appellants introduced the entire file in the probate proceeding in *Estate of George A. Kearns,* deceased.

The trial court filed two memorandum opinions, in the second of which an order was made denying appellants' petition to determine interest in estate. This order in effect determined that the decree of partial distribution was a prior determination of the question of who is entitled to the property in the estate, and that the defense of res adjudicata was a bar to further proceedings in probate on the matter. It is true that the trial court denied the petition without prejudice, being of the opinion that an independent action in equity was the method by which the appellant should seek to establish that a trust was created by the will.

The trial court made no findings in this case, as it correctly concluded that none were required since no question of fact had been passed upon. (*Wheeler* v. *Board of Medical Examiners,* 98 Cal.App. 267 [276 P. 1119].) The only question that had been referred to the trial court for decision was the question of whether the affirmative defense of res judicata by reason of the decree of partial distribution was a bar to the proceeding by petitioners Mallarino and Graham. It does appear from the memorandum opinions of the trial court that he was of the opinion that because of the decision in *Estate of Kearns,* the Supreme Court had made it imperative that extrinsic evidence be taken to determine the intent of the testator on the question of whether or not a trust was created, and that without such extrinsic evidence which the parties would not offer in this proceeding he could not determine whether or not the petitioners had any interest in the property distributed by the decree of partial distribution, stating that this question could be determined by a separate suit in equity. The opinion declared that the decree of partial distribution vested the legal title to the real property described therein in respondent. No opinion was expressed as to the effect of the decree of partial distribution on the remainder of the estate, but the decision denying the petition is in effect a decision that the affirmative defense was good, and a bar to the jury trial on the matter of petitioners' interest in a probate proceeding. Although the trial court

believed that the case was comparable to *In re Sharp*, 17 Cal. App. 634 [120 P. 1079], wherein it was held that a separate suit in equity was the proper procedure, the case seems clearly distinguishable, for in that case no trust appeared upon the face of the will, and it had to be given effect in probate according to its terms. Here, however, the will is ambiguous upon its face, and it is clearly the duty of the court in probate to determine whether or not a trust is created. ▌ On final distribution the probate court will have the duty to determine the existence and validity of any trust created by the will. (*Wells Fargo Bank etc. Co.* v. *Superior Court*, 32 Cal.2d 1, 8 [193 P.2d 721].)

The decree of partial distribution herein was obtained approximately a year prior to the filing of the petition for instructions by the executrix in which she pleaded that she could not properly administer the estate without an interpretation of the terms of the will. In this petition she made no reference to the prior decree, and it was not contained in the record which was before the Supreme Court in *Estate of Kearns*. Nor did respondent rely on the decree to defeat the prohibition proceeding in *Mallarino* v. *Superior Court*. The question before the superior court in the present case was whether the decree of partial distribution was a final declaration on the rights of parties to participate in this estate. If respondent is not estopped to raise the matter at this late date, it would seem that the effect of the decree must be determined from the record without the aid of extrinsic evidence, for the question is whether or not the action of the court in the proceeding on partial distribution was a final determination of the rights of the parties. Whether or not it was a correct determination is beside the point, since there was no appeal from it.

Appellants contend that respondent is barred from asserting the defense of res judicata because she herself is subject to the bar of res judicata and the law of the case, since she did not rely on the decree of partial distribution in the proceedings in *Estate of Kearns* or *Mallarino* v. *Superior Court*. ▌ In a subsequent action the defense of res judicata is waived in the absence of either pleading or proof of a former judgment. (*Wolfsen* v. *Hathaway*, 32 Cal. 2d 632, 638 [198 P.2d 1]; *Dillard* v. *McKnight*, 34 Cal.2d 209, 219 [209 P.2d 387, 11 A.L.R.2d 835].) However, it is stated in *Wolfsen* v. *Hathaway*, *supra*, that the authority of a court to take judicial notice of its own records is limited to the

proceedings in the same case. ▆ Since this is the same probate proceeding, the court may take judicial notice of the decree which is in the files of the probate proceeding (and see 2 Freeman on Judgments, § 808, p. 1715; *Kipp* v. *Reed*, 183 Cal. 49 [190 P. 363].) Furthermore, as noted by respondent, on the authority of *Estate of Wear*, 20 Cal.2d 124 [124 P.2d 12], respondent would not be estopped from raising the defense of res judicata after reversal without directions on retrial of the issue in *Estate of Kearns, supra*, and she therefore cannot be estopped in this instant matter. In *Mallarino* v. *Superior Court*, this court stated that the same issue of fact was involved in this petition as was involved in the petition of the executrix for instructions.

Appellants contend that a petition for partial distribution is a proceeding *in rem* and affects only the property before the court, citing *Estate of Ampusait*, 131 Cal.App. 533 [21 P.2d 691], to the effect that a judgment *in rem* in a proceeding where there has been no contest or litigation is res judicata as to any fact which affected the particular matter or res involved in it, and that it cannot be invoked in a subsequent proceeding affecting other property. In the cited case it was held that in an estate of a decedent who died intestate, a daughter of decedent was entitled to have a decree of final distribution distributing the estate to certain relatives set aside under section 473 of the Code of Civil Procedure, even though several years prior to making of said decree, a decree of partial distribution upon which the latter decree was based was made, but where the daughter was unaware of the proceeding on partial distribution, was not a party to it and her existence was not known to the court at the time the proceeding was heard and determined. The case is distinguishable from the case now before the court in that in the cited case, no will was involved as it was an intestate proceeding, and the daughter of decedent in that case received no notice of the proceedings and the court was unaware of her existence. The opinion in that case stated that "It is true also that unless set aside on appeal or under the provisions of section 473 of the Code of Civil Procedure said decree [decree of partial distribution] became final and conclusive as to the portion of the estate thereby distributed (*Estate of Tymms*, 78 Cal.App. 79 [247 P. 1091]), and as to the heirs who were parties to the proceeding, or who were aware of the pendency of the proceeding and made no objection thereto or appearance therein (*Estate of Murphy*, 145 Cal. 464 [78 P. 960])."

Respondent contends that *Estate of Hartenbower,* 176 Cal. 400 [168 P. 560], establishes that in California an order or decree of partial distribution is conclusive as to the construction to be given to a will insofar as the will is involved. That case involved an appeal from an order distributing a part of the estate. The widow in that proceeding had claimed she was entitled to one-half the estate and objections were filed by appellants who claimed that under the will she was entitled to only one-third thereof. Evidence was introduced and the trial court construed the will as contended for by the widow. A previous decree was introduced in evidence which had been made on application of one of the residuary legatees for partial distribution of the estate in which the court after hearing had decided that the widow was entitled to one-half the estate and that said residuary legatee was entitled to a one-fiftieth share of the remaining one-half. Appellant has pointed out that in the Hartenbower case the parties appeared specifically to construe the will and the court made a construction of the effect of the entire will. In *Hardy* v. *Mayhew,* 158 Cal. 95 [110 P. 113, 139 Am.St.Rep. 73], a decree of partial distribution was held to be a conclusive adjudication of the construction of the will in regard to a specific sum of money. And in *Estate of Carothers,* 168 Cal. 691 [144 P. 957], there was an appeal from the decree of partial distribution and the Supreme Court interpreted the will on that appeal which established the "law of the case" as to the interest of Kate Carothers. The appellants in the subsequent appeal from the decree of final distribution were grantees or successors in interest to Kate Carothers and therefore occupied no better position than she did and were bound by the "law of the case."

In the instant case the decree of partial distribution was not appealed. Although respondent contends that it was a construction of the meaning of the will in regard to the entire estate, the order made therein was that respondent as executrix "pay, deliver, convey and distribute to Emma Traung Hammersmith and the Court does hereby distribute to Emma Traung Hammersmith that portion of the real property in said Estate to which she is justly entitled, to wit: all right, title and interest of every kind and nature in and to that certain property more particularly described as follows:" [then follows a description of a certain parcel of real property in the county of Fresno, State of California.]

Appellants contend that this decree should not have put them on notice that the court was holding that no trust existed

as far as the real property in the estate was concerned. However the fact that the decree declared that respondent was entitled to "all right, title and interest of every kind and nature" would appear to be conclusive against the existence of a trust in relation to that property.

Although it is true that in the petition of the executrix for partial distribution of estate, she alleged that she was the sole heir, devisee and legatee under the will, and that she was under the will entitled to receive all of said estate, these allegations were merely conclusions of law. She asked only for distribution of this one parcel of property and appellants were not on notice that she was asking for a construction of the will in regard to the total assets of the estate.

In *Estate of Coberly,* 90 Cal.App.2d 46 [202 P.2d 306], an order of partial distribution under which rentals from property in which the executrix was bequeathed a life estate were distributed as part of the residue of the estate. It was held that said decree was not conclusive as determining that the court construed the will to mean that the rentals should be divided share and share alike among several legatees, of which the executrix was one, where the meaning and effect of the will had not been questioned or presented to the court for determination, and where the court had not made any order purporting to construe the will.

We hold therefore that the decree of partial distribution was res judicata as to the real property distributed thereby, and whether erroneous or not, it distributed all interest of every kind and nature in that property to respondent. But we believe that the decree did not purport to adjudicate the rights of the parties in the remainder of the estate. The trial court should therefore have determined that the decree was not res judicata as to the portion of the estate not distributed, and not a bar to the trial of appellants' contention before a jury. That the issue in *Estate of Kearns* is the same as that involved in the petition of appellants is established by *Mallarino* v. *Superior Court,* 115 Cal.App.2d 781, 784 [252 P.2d 993]. There was therefore no reason why the parties should have gone into the extrinsic evidence bearing on the interpretation of the terms of the will in this hearing before the court without a jury as to the validity of the defense of res judicata as a bar to the very proceeding in which such evidence could properly be received.

Accordingly the order denying petition of appellants for a decree determining interest in the estate is reversed with

directions to the trial court to enter a new order determining that the decree of partial distribution is only res adjudicata as to the real estate distributed thereby and not a bar to the trial of appellants' contention before a jury as to the remainder of the estate.

Nourse, P. J., concurred.

DOOLING, J.—I concur. I do so the more readily because I feel very strongly that respondent should not be allowed to play fast and loose with her opponents and the courts. After she had obtained the decree of partial distribution upon which she now seeks to rely as res judicata, she as executrix filed the petition for instructions which was ultimately carried to the Supreme Court and decided in *Estate of Kearns,* 36 Cal.2d 531 [225 P.2d 218]. In that petition and in all of the adversary proceedings, trial and appellate, in connection therewith the claim of res judicata was not once suggested. Now she asks us to hold that the whole procedure, in the trial and appellate courts, was a sham battle, because she had an ace up her sleeve which she refused to play on the first round of the game. Under the facts of this case I do not regard *Estate of Wear,* 20 Cal.2d 124 [124 P.2d 12] as controlling.

A petition for a rehearing was denied January 28, 1955, and respondent's petition for a hearing by the Supreme Court was denied February 24, 1955.